**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAUL CRUZ-GARZA,

Petitioner,

v.

JOHN ASHCROFT; TOM RIDGE;
BUREAU OF IMMIGRATION &
CUSTOMS ENFORCEMENT,

Respondents.

No. 04-9508

---

**ON PETITION FOR REVIEW OF A DECISION OF**
**THE BOARD OF IMMIGRATION APPEALS**
**(BIA No. A45-141-282)**

---

Submitted on the briefs:

Hakeem Ishola of Ishola & Associates, P.C., Salt Lake City, Utah, for Petitioner.

Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, and Song E. Park, Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

---

Before **LUCERO, McKAY**, and **PORFILIO,** Circuit Judges.

---

**McKAY**, Circuit Judge.

Petitioner Raul Cruz-Garza seeks review [1] of a decision of the Board of Immigration Appeals (BIA) upholding a removal order issued by an Immigration Judge (IJ) under 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). He contends the BIA erroneously relied on his state felony conviction for attempted theft to invoke § 1227(a)(2)(A)(iii), when that conviction had been reduced to (i.e., vacated and replaced by) a misdemeanor by the state trial court. This contention raises a cognizable challenge to the removal order, and we reverse. [2]

## Factual Background

The basic historical facts are not in dispute. Petitioner, a native and citizen of Mexico, is married to a U.S. citizen with whom he has two children who are also U.S. citizens. In November 1995, petitioner was granted lawful permanent

---

[1]    After examining the briefs and administrative record, the panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]    As a general matter, judicial review of such removal orders is barred by 8 U.S.C. § 1252(a)(2)(C), which abrogates our jurisdiction when the conditions for removal under § 1227(a)(2)(A) are met. However, it is now well-established that the language of § 1252(a)(2)(C) "requires that we determine whether [those] conditions exist before dismissing the appeal." *Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001). Thus, we retain jurisdiction to determine whether petitioner is (1) an alien (2) deportable (3) for conviction of an offense within § 1227(a)(2)(A)(iii). *Id.* at 1219. The instant petition for review challenges the third condition and, hence, the merits of the case coincide with the jurisdictional question. *See Khalayleh v. INS*, 287 F.3d 978, 979 (10th Cir. 2002).

resident status. After an incident in which he used his brother's social security card at a car dealership to purchase a vehicle later repossessed for nonpayment, petitioner was charged in June 1997 with theft by deception, a second-degree felony in Utah. In September 1997, he pled guilty to a reduced charge of attempted theft by deception, a third-degree felony, and received a suspended sentence, a term of probation, and a fine.

In December 1997, the Immigration and Naturalization Service (INS)[3] initiated removal proceedings against petitioner based on the third-degree felony conviction. On January 15, 1998, petitioner filed a motion in the state trial court to vacate his conviction. The motion is not in our administrative record, but it is noted on the state court docket sheet that is included. Petitioner's immigration attorney (his attorney in the state criminal case as well) represented to the IJ that the motion asserted several substantive grounds for vacating the conviction, including involuntariness of the plea and ineffective assistance of counsel in connection with the plea proceeding. *See* R. at 72, 78-79, 84. The IJ accepted this representation as the word of an officer of the court. *Id.* at 83-84.

There is no further reference to the motion to vacate in our record of the state proceeding. Instead, a minute entry on the state court docket sheet for a

---

[3] The INS ceased to exist on March 1, 2003, and its functions were assumed by agencies within the newly formed Department of Homeland Security. As most of the events in this case predate the reorganization, we refer to the INS.

hearing held on February 20, 1998, reflects that petitioner offered (apparently orally) a stipulated motion to "reduce" the conviction and his term of probation. *Id.* at 97. The entry is not fully legible (it is not clear whether the motion was granted at that time), but a reference to "defendant continues to comply with probation" can be made out. *Id.* Two weeks later, petitioner filed a written motion "to reduce the judgment in the above [case] by two degrees and enter conviction as Attempted theft by Deception, a Class B misdemeanor, pursuant to UTAH CODE ANN. § 7[6]-3-402." *Id.* at 92. The basis for relief cited in the motion was "the interest of justice, for it would be unduly harsh to record the conviction for the offense as being for a second [actually third] degree felony." *Id.* There is no further mention of the motion on the state court docket sheet.

In July 1998, the state court terminated petitioner's probation, presumably for successful completion. *See id.* at 97. Finally, on September 8, 1998, the court issued an "ORDER ENTERING APPROPRIATE DEGREE OF CONVICTION," *id.* at 176, in accord with the request made in petitioner's stipulated motion to reduce his conviction. The legal effect of that order is at the heart of this appeal. It states:

> Based upon the Parties' Stipulation entered in writing and in open court, and for good cause shown,
>
> IT IS HEREBY ORDERED that the defendant is convicted of Attempted Theft, a Class B misdemeanor, and that judgment and sentence be entered accordingly.

-4-

The Defendant's prior conviction is vacated and judgment is entered *nunc pro tunc* as of September 22, 1997.

*Id.*; *see also id.* at 98 (docket entry for order). Accordingly, the charge now designated on the cover of the state court docket sheet is "ATTEMPTED THEFT BY DECEPTION (amended) – Class B Misdemeanor," which is specified as disposed by "September 22, 1997 Guilty Plea." *Id.* at 95.

**Legal Effect of Vacated Conviction**

At one time, the BIA adhered to a broad rule that (excepting certain drug offenses) convictions that had been vacated or expunged could not be the basis for an alien's removal. *Matter of Ozkok*, 19 I. & N. Dec. 546, 552 (BIA 1988) (reaffirming longstanding rule barring removal for conviction already vacated or expunged while permitting removal for some deferred convictions). *See generally Lujan-Armendariz v. INS*, 222 F.3d 728, 734-41 (9th Cir. 2000) (discussing *Ozkok* and historical treatment of vacated/expunged and deferred convictions). In the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. 104-208, 110 Stat. 3009, Congress included a definition of "conviction," 8 U.S.C. § 1101(a)(48)(A), responding to some of the considerations addressed in *Ozkok*. Relying on this definition, the BIA partially changed its position on vacated or expunged convictions to allow removal of the convicted alien "notwithstanding a subsequent state action purporting to erase all evidence of the original determination of guilt through a rehabilitative procedure." *In re*

-5-

*Roldan-Santoyo*, 22 I. & N. Dec. 512, 523 (BIA 1999) (en banc), *order vacated sub nom. on other grounds by Lujan-Armendariz*, 222 F.3d 728.

The BIA's specific reference to expungement "through a rehabilitative procedure" signaled a deliberate qualification on its holding, which was "limited to those circumstances where an alien has been the beneficiary of a state rehabilitative statute which purports to erase the record of guilt." *Id.* at 523. The BIA specifically noted that it was not addressing "the situation where the alien has had his or her conviction vacated by a state court on direct appeal, wherein the court determines that vacation of the conviction is warranted on the merits, or on grounds relating to a violation of a fundamental statutory or constitutional right in the underlying criminal proceedings." *Id.* A year later, the BIA made it clear that a conviction vacated by a state court in a post-conviction proceeding "on the legal merits" could not support removal. *In re Rodriguez-Ruiz*, 22 I. & N. Dec. 1378, 1379-80 (BIA 2000). The operative distinction was further clarified in *In re Pickering*, 23 I. & N. Dec. 621 (June 2003), which likened vacaturs for immigration-related hardship to expungements for rehabilitative reasons, thereby framing a broad dichotomy of "vacat[urs] because of post-conviction events" that still allow removal versus "vacat[urs] on the basis of a procedural or substantive defect in the underlying proceedings" that do not. *Id.* at 624.

-6-

While the Ninth Circuit reversed *Roldan-Santoyo* on another point and, in the process, stated in dicta that the BIA's new approach to vacaturs was "highly unpersuasive," *Lujan-Armendariz*, 222 F.3d at 742 (favoring retention of general rule precluding removal on basis of vacated conviction), it later upheld the new approach in *Murillo-Espinoza v. INS*, 261 F.3d 771, 774 (9 th Cir. 2001). Other circuits addressing the issue in a variety of immigration contexts have upheld the BIA's approach as well. *See, e.g.*, *Resendiz-Alcaraz v. U.S. Atty. Gen.*, 383 F.3d 1262, 1268-71 (11 th Cir. 2004); *Acosta v. Ashcroft*, 341 F.3d 218, 222 (3d Cir. 2003); *Ikenokwalu-White v. INS*, 316 F.3d 798, 804 (8 th Cir. 2003); *Sandoval v. INS*, 240 F.3d 577, 582-83 (7 th Cir. 2001); *Herrera-Inirio v. INS*, 208 F.3d 299, 304-05 (1 st Cir. 2000). Indeed, even before the BIA decided *Roldan-Santoyo*, the Second Circuit relied on IIRIRA's definition of "conviction" in connection with the federal sentencing guidelines to hold that, unlike convictions vacated on the merits, convictions expunged for rehabilitative reasons remained available for purposes of sentence enhancement. *United States v. Campbell*, 167 F.3d 94, 97-98 (2d Cir. 1999).

The one circuit to deviate from this trend did not do so to preserve the pre-IIRIRA rule generally barring removal for vacated convictions; rather, the Fifth Circuit took the opposite stance in *Renteria-Gonzalez v. INS*, 322 F.3d 804 (5th Cir. 2002), categorically allowing removal regardless of whether the

predicate conviction had been vacated on grounds relating to the merits. *See Discipio v. Ashcroft*, 369 F.3d 472, 473 (5 th Cir. 2004) (applying *Renteria-Gonzalez* to hold conviction vacated "because of procedural and substantive flaws in the underlying proceeding" still provided proper basis for removal). Significantly, the *Discipio* panel lamented the precedent to which it was bound, noting "[t]hat our Circuit is now out of step with the rest of the nation" as reflected in "the fact that the [BIA] applies the broad understanding of 'conviction' embraced in *Renteria-Gonzalez* only in the Fifth Circuit." *Id.* at 474.

In sum, the treatment of vacated convictions is now fairly well-settled. Notwithstanding the Fifth Circuit's tenuous adherence to a categorical disregard of all vacaturs (and the Ninth Circuit's fleeting consideration of the other extreme), "the rest of the nation" has taken to the middle ground staked out by the BIA on the basis of the text and legislative history of § 1101(a)(48)(A) in *Roldan-Santoyo*, 22 I. & N. Dec. at 522-23. We follow this consensus view, the rationale for which has been developed sufficiently, and repeated often enough by our sister circuits, that its recitation should not be necessary here.

**Administrative Disposition under Review**

As the above summary of the controlling law would suggest, the focus of petitioner's removal proceedings was on the reduction of his conviction from a

qualifying "aggravated felony"[4] to a misdemeanor. In the INS's view, the state

court record demonstrated that the reduction was of a sort that did not preclude

use of the superseded conviction under *Roldan-Santoyo*. The BIA agreed:

> Here, [petitioner's] motion for reduction . . . indicates that it would
> be unduly harsh to record the conviction as a second degree felony.
> This suggests that the reduction . . . was motivated by the
> immigration hardships which resulted from [the] conviction.
> Furthermore, the court records . . . indicate that the court order,
> reducing the degree of [the] conviction, was contingent upon
> [petitioner's] continued compliance with the terms of his probation.
> Thus, the reduction . . . was additionally motivated by the
> [petitioner's] rehabilitation or his compliance with the terms of his
> probation. In sum, we find that [petitioner] has failed to sufficiently
> establish that his conviction has been dismissed or vacated on the
> basis of a procedural or substantive defect in the underlying
> proceedings. Hence, we agree, with the Immigration Judge, that
> [petitioner] remains convicted, for immigration purposes, of an
> aggravated felony pursuant to [§ 1101(a)(43)].

R. at 3 (citations omitted).

The INS had to prove by "clear and convincing evidence" that petitioner

was subject to removal, 8 U.S.C. § 1229a(c)(3)(A), i.e., that his conviction fell

within § 1101(a)(43) and thus supported removal under § 1227(a)(2)(A). *See*

*Evangelista v. Ashcroft*, 359 F.3d 145, 149-50 (2d Cir. 2004); *Huerta-Guevara v.*

---

[4] Congress has designated felony theft offenses to be aggravated felonies, *see* 8 U.S.C. § 1101(a)(43)(G), and has further provided that convictions for attempt assume the qualifying status of the underlying offense, *see id.* § 1101(a)(43)(U). We note that the Supreme Court's recent enforcement of a rigorous *mens rea* requirement for "violent felonies" warranting removal pursuant 18 U.S.C. § 16 and 8 U.S.C. § 1101(a)(43)(F), *see Leocal v. Ashcroft*, 125 S. Ct. 377 (2004), is not pertinent here.

*Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003). The BIA never acknowledged this burden. On the contrary, as the quoted passage reflects, the BIA approached the case as if petitioner bore the burden of disproving that his conviction qualified him for removal. *See also id.* at 2 (finding petitioner "failed to establish that his conviction was vacated on the basis of a procedural or substantive defect in the underlying proceedings.").

While formal error regarding the ascription of the burden of proof can, in itself, undermine the validity of a BIA decision, *see Sandoval*, 240 F.3d at 581; *Murphy v. INS*, 54 F.3d 605, 610, 612 (9th Cir. 1995), that is not the basis of our disposition here. Rather, as explained below, we conclude in more direct fashion that the evidence of record is legally insufficient to satisfy the INS's stringent burden of proof and, thus, that the order for removal must be reversed. *See Sandoval*, 240 F.3d at 583 (reversing removal order where record relating to reduction of alien's initially qualifying conviction to a non-qualifying offense was insufficient to support removal under clear and convincing evidentiary standard); *see also Cortez-Acosta v. INS*, 234 F.3d 476, 480-83 (9th Cir. 2000) (reversing removal order that had been based on suggestive but inconclusive indications of alien's removable activity (assisting illegal entry of another alien), "because the weakness of the administrative record does not satisfy the stringent [clear and convincing] evidentiary standard for deportation").

**Analysis – *Roldan-Santoyo* Inquiry and the Facts of Record**

A brief restatement of the pertinent events reflected in the sparse factual record is necessary. Petitioner pled guilty to third-degree felony attempted theft, receiving a three-year term of probation, for buying a vehicle using his brother's social security card and then defaulting on payment. Four months later, he moved to vacate the conviction on a number of substantive grounds. At a subsequent hearing, the parties offered a stipulated motion to reduce the conviction and associated term of probation. This was evidently provisionally accepted by the court, which made a note of petitioner's continued compliance with the terms of his (now shortened) probation. Two weeks later, petitioner filed a written version of the motion, which recited that it was "made in the interest of justice, for it would be unduly harsh to record the conviction for the offense as being for a second [actually, third] degree felony." R. at 92. Petitioner completed probation in five months, and two months after that the court vacated his conviction and entered a *nunc pro tunc* judgment for misdemeanor attempted theft.

On its face this series of events suggests two very different stories, leading to opposing conclusions under the *Roldan-Santoyo* inquiry. According to one, a substantive challenge to and/or showing of the inappropriateness of the felony conviction prodded the State into stipulating to a vacatur of the conviction and its replacement by a misdemeanor, with retention of a mandatory though reduced

-11-

probationary term. On this scenario, petitioner's vacated felony conviction would not satisfy the test for removal under *Roldan-Santoyo*. According to the other story, a weak substantive challenge to the conviction was readily abandoned in favor of a more strategic request, acceptable to the State, for leniency to be earned through rehabilitative effort demonstrated by successful completion of probation. On this scenario, the initial felony conviction would remain effective for purposes of removal under *Roldan-Santoyo*.

Perhaps considering only the circumstantial evidence outlined above, the agency's interpretation of the state court action as merely a post-conviction effort to promote rehabilitation or attenuate harsh immigration consequences would be, though undeniably inferential, still compelling enough for a reasonable factfinder to deem the evidence "clear and convincing" on the point. On one hand, the fact that neither the motion for reduction nor the order effecting it mention probation or immigration consequences undercuts the agency's position. On the other hand, the delay in issuing the order until completion of probation cuts the other way, at least as to the rehabilitation inference.

There is, however, another critical consideration, not acknowledged by the BIA, that weighs decisively against the agency's interpretation of the facts. The legal authority for the reduction of petitioner's conviction was Utah Code Ann. § 76-3-402. Because the conviction was reduced to a class B misdemeanor, the

-12-

controlling subsections are § 76-3-402(1) & (3), under which an offense may be reduced by two degrees if the court concludes that it is "unduly harsh" in light of "the nature and circumstances of the offense" and "the history and character of the defendant." Such offense and offender characteristics–traditional subjects of prejudgment sentencing proceedings–clearly focus on matters leading up to and encompassed within the judgment of conviction, not on post-conviction events relating to the subsequent success or failure of rehabilitation. [5] Moreover, the statutory linkage of undue harshness to these offense and offender characteristics undercuts speculation that the description of petitioner's felony conviction as "unduly harsh" in the motion for reduction "suggests that the reduction, in the degree of [petitioner's] conviction, was motivated by the immigration hardships which resulted from the [petititioner's] conviction." R. at 3.

Given the vagaries of the evidentiary record and, more importantly, the plain implication of the state statute authorizing reduction of petitioner's felony conviction to a Class B misdemeanor, [6] we hold "that the INS did not prove by

[5]     In contrast, another subsection of the statute, § 76-3-402(2)(b) (permitting reduction of third degree felony to Class A misdemeanor), deals specifically with probation compliance and does not involve any consideration of the offense and offender characteristics that govern the reduction of offense here.

[6]     As noted earlier, the BIA did not discuss the nature and significance of the statute authorizing the reduction of petitioner's offense. Even if it had, however, we would owe no deference to its interpretation of this state provision, "which the BIA [neither] administers [n]or has any particular expertise in interpreting."

(continued...)

-13-

clear, unequivoval, and convincing evidence that [petitioner] was convicted of [a qualifying felony under §§ 1101(A)(43) and 1227(a)(2)(A).]" *Sandoval*, 240 F.3d at 583. "Thus we are compelled to grant the petition for review, because the weakness of the administrative record does not satisfy the stringent evidentiary standard for deportation." *Cortez-Acosta*, 234 F.3d at 483.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is REVERSED, and the order for petitioner's removal is VACATED.

---

[6](...continued)
*Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 843 (9th Cir. 2003).