**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 22, 2005**

**FOR THE TENTH CIRCUIT**

JOSE FLORES-VERDE,

   Petitioner,

v.

ALBERTO R. GONZALES,  *

   Respondent.

No. 04-9578
(A93-224-978)
(Petition for Review)

**ORDER AND JUDGMENT**  **

Before **HARTZ** , **McKAY** , and **PORFILIO** , Circuit Judges.

   After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*   On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

**   This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Jose Flores-Verde seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of a removal order based on a state conviction of a controlled-substance offense. Because we conclude that we lack jurisdiction, we dismiss the petition for review.

I.  Background

Petitioner, a native and citizen of Mexico, was admitted as a lawful permanent resident to the United States in 1988. He traveled outside of the United States and presented himself for inspection on February 7, 2002. He was stopped at the border based on a Colorado arrest warrant charging him with knowingly distributing, selling, and possessing methamphetamine in violation of Colo. Rev. Stat. § 18-18-405(1)(a), a class three felony. [1] Petitioner was paroled into the United States. After plea negotiations, he entered a plea of guilty to possession of a controlled substance, a class four felony. The state district court

---

[1]  Section 18-18-405 provides, in pertinent part:

(1)(a) Except as authorized by part 3 of article 22 of title 12, C.R.S., or by part 2 or 3 of this article, it is unlawful for any person knowingly to manufacture, dispense, sell, distribute, possess, or to possess with intent to manufacture, dispense, sell, or distribute a controlled substance; or induce, attempt to induce, or conspire with one or more other persons, to manufacture, dispense, sell, distribute, possess, or possess with intent to manufacture, dispense, sell, or distribute a controlled substance; or possess one or more chemicals or supplies or equipment with intent to manufacture a controlled substance.

accepted the plea, entered judgment, and sentenced Petitioner to three years' imprisonment and three years' parole.

On September 10, 2003, Petitioner was served with a Notice to Appear, charging that he was subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(II), which describes as inadmissible aliens convicted of a state offense arising from a controlled substance as defined by the federal Controlled Substance Act. [2] Any substance that contains methamphetamine constitutes a Schedule II controlled substance under the federal act. *See United States v. Killion*, 7 F.3d 927, 935 (10th Cir. 1993).

In proceedings before the Immigration Judge (IJ), Petitioner claimed that he understood his criminal case to be about marijuana and that the Department of Homeland Security (DHS) had not provided clear and convincing evidence that he had been convicted of a methamphetamine offense. [3] Petitioner claimed that the

---

[2] Section 1182(a)(2)(A)(i)(II) states:

[A]ny alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21) is inadmissible.

[3] Possession of marijuana is also "a controlled substance offense under section 1182(a)(2)." *Okeke v. Gonzales,* 407 F.3d 585, 598 (3rd. Cir. 2005). However, § 1182(h) provides that the Attorney General, in some circumstances, has the discretion to waive the application of this provision to "a single offense of

(continued...)

certified charging documents proffered by the DHS were inadmissible and insufficient to show the state court's intent. He based his argument on two facts: (1) the judgment of conviction did not identify the controlled substance underlying his conviction and (2) the information, which specified methamphetamine, included handwritten amendments and interlineations.

The IJ carefully considered Petitioner's argument. In reviewing the certified documents of conviction, he noted that the judgment established that Petitioner had pled guilty to a violation of Colo. Rev. Stat. § 18-18-405, which is a categorical statute. The information was more detailed. It showed that initially Petitioner had been charged with unlawfully distributing, selling, or dispensing methamphetamine. The handwritten, initialed, and dated amendments reflected an amendment to *possession* of methamphetamine. The IJ determined that, though the information "contain[ed] some rather messy entries," it "clearly established" that the controlled substance involved in Petitioner's offense was methamphetamine. Admin. R. at 63. Because methamphetamine is listed on the federal schedule of controlled substances, he concluded that Petitioner was removable as charged and that no other relief was available to Petitioner.

---

[3](...continued)
simple possession of 30 grams or less of marijuana."

Petitioner then sought review by the Board of Immigration Appeals, repeating his contention that the information was inadmissible. "[L]ike the Immigration Judge," the Board found the information "reliable," in that the handwritten "notations . . . indicate[d] that the respondent pled guilty to the lesser offense of possession of methamphetamine." *Id.* at 3. It therefore dismissed Petitioner's appeal.

II.    Discussion

On judicial review, Petitioner continues to argue that the agency's admission of the "clearly flawed, marked, crossed out, and handwritten" information was erroneous. Aplt. Br. at 11. [4] Before we address this issue, we must examine our jurisdiction. As a general matter, judicial review of removal orders is barred by 8 U.S.C. § 1252(a)(2)(C), which abrogates our jurisdiction when the conditions for removal under § 1182(a)(2) are met. However, § 1252(a)(2)(C) "requires that we determine whether [those] conditions exist before dismissing the appeal." *Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th

---

[4]    At every stage of agency proceedings, Petitioner also maintained that his conviction did not amount to an aggravated felony, *see* 8 U.S.C. § 1101(a)(43), which could warrant deportation pursuant to § 1227(a). His appellate briefs reassert this argument. Petitioner, however, was not charged with deportability as an aggravated felon. Instead, he was charged with inadmissibility under § 1182(a)(2)(A)(i)(II). Thus, his argument concerning the definition of an aggravated felony is irrelevant and we do not consider it in this order and judgment.

Cir. 2001). We therefore have jurisdiction to determine whether a petitioner is removable for conviction of an offense encompassed within § 1182(a)(2)(A)(i)(II). *See id* .; *see also Fernandez-Bernal v. Attorney Gen.* , 257 F.3d 1304, 1310 (11th Cir. 2001) (stating that "so long as [the petitioner] is in fact removable under § 1182(a)(2), we lack jurisdiction to review his final order of removal") . Because Petitioner claims that the DHS did not show that his offense involved a federally defined controlled substance, the merits of his case coincide with the jurisdictional question. *See Cruz-Garza v. Ashcroft,* 396 F.3d 1125, 1127 n.2 (10th Cir. 2005).

Again, Petitioner's sole substantive challenge to the order of removal is his contention that the information was inadmissible to prove conviction of a methamphetamine-related offense. In evaluating this challenge, we must keep in mind that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," and "a decision that an alien is not eligible for admission to the United States is conclusive unless manifestly contrary to law." 8 U.S.C. § 1252(b)(4)(B), (C).

We have carefully reviewed the record. Based on that review, we determine that the agency's evidentiary ruling is reasonable, its findings are supported by the evidence, and its ultimate conclusion comports with the law. Petitioner is removable by reason of his conviction of a controlled-substance

offense. And § 1252(a)(2)(C) precludes us from reviewing the BIA's final order of removal. Because we lack jurisdiction to review Petitioner's petition, Respondent's motion to dismiss is GRANTED and Petitioner's petition for review is DISMISSED. Petitioner's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees is GRANTED.

Entered for the Court

Monroe G. McKay
Circuit Judge