FILED
United States Court of Appeals
Tenth Circuit

May 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

INOCENCIO ESPARZA-RECENDEZ,
a/k/a Inocencio Reecen Esparza,
a/k/a Inocencio Recden Esparza,
a/k/a Inocencio Recden Jr. Esparza,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 12-9564
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Inocencio Esparza-Recendez petitions for review of a Board of Immigration

Appeals (BIA) decision affirming an immigration judge's (IJ) order of removal. The

IJ concluded, and the BIA agreed, that Mr. Esparza-Recendez was removable as an

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

alien convicted of two or more crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii), and ineligible for cancellation of removal as an aggravated felon under 8 U.S.C. § 1229(b).  In his petition for review, Mr. Esparza-Recendez challenges these legal determinations, as well as the IJ's denial of a continuance to pursue post-conviction relief in state court.  We deny the petition for review.

I.

Mr. Esparza-Recendez is a native and citizen of Mexico.  He was admitted into the United States in March 1987 as a lawful permanent resident and subsequently was convicted of several criminal offenses.  Relevant here, he pleaded guilty in August 1995 to attempted aggravated burglary in violation of Utah Code Ann. § 76-6-203, a third degree felony for which he was sentenced to a five-year suspended term, plus 180 days in jail.  In January 2009, Mr. Esparza-Recendez pleaded guilty to retail theft in violation of Salt Lake City Ordinance 11.36.060, a class B misdemeanor for which he was sentenced to three days in jail.  And, in March 2009, Mr. Esparza-Recendez pleaded guilty to the crimes of attempted forgery in violation of Utah Code Ann. § 76-6-501 and attempted theft by deception in violation of Utah Code Ann. § 76-6-405, both class A misdemeanors for which he was sentenced to concurrent suspended terms of 365 days.

Based on his attempt convictions, the Department of Homeland Security (DHS) charged Mr. Esparza-Recendez with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an aggravated felon.  *See* 8 U.S.C. § 1101(a)(43)(U) (defining

"aggravated felony" as "an attempt or conspiracy to commit" certain enumerated offenses, including theft, burglary, and forgery). At a hearing before an IJ, Mr. Esparza-Recendez denied the charges and sought a continuance to pursue post-conviction relief in state court pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010). The IJ denied a continuance, sustained the charges, and ordered him removed to Mexico.

On appeal to the BIA, Mr. Esparza-Recendez filed a motion for remand, to which he attached newly-obtained orders from a Utah court indicating that his three attempt convictions had been reduced to class B misdemeanors. Based on this new evidence, Mr. Esparza-Recendez argued he was no longer an aggravated felon and instead was eligible for cancellation of removal. The BIA granted the motion for remand, but back before the IJ, the government changed course: DHS withdrew the charge of removability under § 1227(a)(2)(A)(iii) and substituted a new charge under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. DHS asserted that in addition to his three attempt convictions for aggravated burglary, forgery, and theft by deception, Mr. Esparza-Recendez's 2009 conviction for retail theft qualified as a crime involving moral turpitude.

The IJ sustained this new charge of removal, ruling that DHS successfully showed by clear and convincing evidence that the convictions for retail theft and attempted theft by deception were crimes of moral turpitude. The IJ also determined

- 3 -

that Mr. Esparza-Recendez failed to establish his eligibility for cancellation of removal because it remained unclear why his convictions for attempted forgery and theft by deception had been reduced to class B misdemeanors. The IJ explained that under *Matter of Pickering*, 23 I. & N. Dec. 621 (BIA 2003), *reversed on other grounds sub nom., Pickering v. Gonzales*, 465 F.3d 263 (6th Cir. 2006), criminal convictions vacated due to substantive or procedural defects in the underlying proceeding may not serve as a basis for removal, but convictions vacated or expunged through post-conviction rehabilitative procedures may. According to the IJ, Mr. Esparza-Recendez's conviction for attempted aggravated burglary was no longer an aggravated felony because it was reduced under Utah Code Ann. § 76-3-402(1), which does not involve post-conviction rehabilitative procedures. But the convictions for attempted forgery and theft by deception remained aggravated felonies because the Utah court order reducing those offenses to class B misdemeanors did not clearly indicate the specific statutory basis for the reduction. And since Mr. Esparza-Recendez bore the burden of showing his eligibility for relief, the IJ ruled that he failed to show he was entitled to cancellation of removal. Mr. Esparza-Recendez moved for a continuance so he might obtain clarification from the Utah court, but the IJ denied his request.

Once again, Mr. Esparza-Recendez appealed to the BIA. He first challenged the IJ's conclusion that retail theft and theft by deception are crimes of moral turpitude. He further contested the IJ's denial of cancellation of removal, claiming

- 4 -

his convictions for attempted forgery and theft by deception are not disqualifying aggravated felonies. In a new argument, Mr. Esparza-Recendez also claimed his theft and forgery offenses involved fraud and deceit, meaning they also had to meet the $10,000 minimum loss requirement of § 1101(a)(43)(M)(i). Finally, he insisted the IJ erred in denying a continuance. A single member of the BIA rejected these arguments and affirmed the order of removal. This petition for review followed.

II.

Where, as here, a single member of the BIA issues a decision affirming the IJ's removal order, "we review the BIA's decision as the final agency determination and limit our review to issues specifically addressed therein." *Kechkar v. Gonzales*, 500 F.3d 1080, 1083 (10th Cir. 2007) (internal quotation marks omitted). However, when the BIA incorporates the IJ's rationale, "[w]e may consult the IJ's decision to give substance to the BIA's reasoning." *Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009). We review the BIA's legal conclusions de novo and factual findings for substantial evidence. *Id.*

### A. Basis for Removal-Crimes of Moral Turpitude

We first consider Mr. Esparza-Recendez's challenge to the basis for his removal—his convictions for two or more crimes of moral turpitude not arising out of a single scheme of criminal misconduct. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). To sustain this charge, DHS relied on his convictions for retail theft and attempted theft

by deception.  The retail theft conviction was for violating Salt Lake City Ordinance 11.36.060, which provides that a person commits retail theft when he knowingly

> [t]akes possession of, conceals, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale in a retail mercantile establishment with the intention of retaining such merchandise, or with the intention of depriving the merchant permanently of the possession, use or benefit of such merchandise without paying the retail value of such merchandise.

The conviction for theft by deception was pursuant to Utah Code Ann. § 76-6-405, which states:

> A person commits theft if the person obtains or exercises control over property of another person:
> (i)      by deception; and
> (ii)     with a purpose to deprive the other person of property.

Mr. Esparza-Recendez suggests these are not crimes of moral turpitude because there is no element of permanent deprivation.  We determine whether the convictions constitute crimes of moral turpitude by analyzing the elements of the state-law offenses "using the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990)."  *Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011).

A crime of moral turpitude "refers to conduct which is inherently base, vile, or depraved, contrary to accepted rules of morality and duties owed between man and man, either one's fellow man or society in general."  *Id.*  "It is well settled that theft or larceny offenses involve moral turpitude."  *Matter of Jurado-Delgado*, 24 I. & N. Dec. 29, 33 (BIA 2006); *see also Briseno-Flores v. Att'y Gen.*, 492 F.3d 226, 228 (3d Cir. 2007) (recognizing that "theft or larceny, whether grand or petty, has always

been held to involve moral turpitude" (internal quotation marks omitted)); *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136 (9th Cir. 1999) (holding that theft is a crime of moral turpitude and virtually every circuit considers it a crime of moral turpitude for immigration purposes). Although the BIA cited several agency decisions for the proposition that theft ordinarily involves moral turpitude only when a permanent taking is intended, *e.g., Matter of Grazley*, 14 I. & N. Dec. 330, 333 (BIA 1973), the BIA has recognized that "offenses involving theft of goods from a retail establishment are crimes involving moral turpitude," *Jurado-Delgado*, 24 I. & N. Dec. at 33. Moreover, the theft by deception statute employs the phrase "purpose to deprive," which the BIA recognized means "[t]o withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost." Utah Code Ann. § 76-6-401(3)(a). Thus, even if there must be an intent to permanently deprive for a theft offense to constitute a crime of moral turpitude, we would agree that Mr. Esparza-Recendez's crimes satisfied that requirement.

All this is beside the point, however, because Mr. Esparza-Recendez must show a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *see also Moncrieffe v. Holder*, 133 S. Ct. 1678, 1693 (2013) (stating that "a noncitizen would have to demonstrate" an actual scenario in which the State offense would be prosecuted in

- 7 -

the manner alleged).  This means that Mr. Esparza-Recendez "must at least point to his own case or other cases in which the state courts in fact did apply the statute[s] in the special (nongeneric) manner for which he argues."  *Duenas-Alvarez*, 549 U.S. at 193.  And on this score, his argument fails.  Indeed, his brief is conspicuously silent with regard to whether his convictions or any others ever resulted from a prosecution for a temporary taking.  Instead, Mr. Esparza-Recendez merely hypothesizes that the statutes *could* be applied to such conduct.  But such postulating is insufficient to show the statutes here apply to conduct beyond the scope of crimes of moral turpitude.

Accordingly, the BIA correctly determined that Mr. Esparza-Recendez's convictions for retail theft and attempted theft by deception constitute crimes of moral turpitude.

### B.  Cancellation of Removal

We next consider Mr. Esparza-Recendez's claim that the IJ erred in finding he had two aggravated felonies that rendered him ineligible for cancellation of removal.  In analyzing this issue, it is important to recall that where, as here, an alien is removable and seeks discretionary relief, it is the alien's burden to show by a preponderance of the evidence that there is no bar to relief.  *See* 8 C.F.R. § 1240.8(d); *Garcia v. Holder*, 584 F.3d 1288, 1289-90 (10th Cir. 2009).  Thus, it is Mr. Esparza-Recendez who must show he is eligible for cancellation of removal.

- 8 -

Under 8 U.S.C. § 1229b(a)(3), a lawful permanent resident is statutorily ineligible for cancellation of removal if he or she is an aggravated felon. Initially, Mr. Esparza-Recendez had three disqualifying aggravated felonies—his 1995 conviction for attempted aggravated burglary and his 2009 convictions for attempted forgery and theft by deception. *See* 8 U.S.C. § 1101(a)(43)(U) (defining "aggravated felony" as an attempt to commit certain enumerated offenses); § 1101(a)(43)(G) (classifying theft and burglary offenses as enumerated aggravated felonies); § 1101(a)(43)(R) (classifying offenses relating to forgery as enumerated aggravated felonies). After the Utah criminal court reduced these convictions to class B misdemeanors, the BIA remanded the case to the IJ, who ultimately concluded that the attempted forgery and theft by deception convictions still rendered Mr. Esparza-Recendez ineligible for cancellation of removal. Then, as now, Mr. Esparza-Recendez disputed that claim, maintaining that all of his attempt convictions had been reduced to class B misdemeanors and thus could not be aggravated felonies. Additionally, he argues that these convictions involve both theft and fraud, and so must also satisfy the $10,000 minimum loss requirement for fraud offenses found at § 1101(a)(43)(M)(i).[1]

---

[1]     We have no authority to consider this unexhausted claim because Mr. Esparza-Recendez failed to raise it before the IJ, and the BIA therefore declined to consider it. *See Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1236-38 (10th Cir. 2010) (discussing court's lack of authority to consider unexhausted administrative arguments). Despite our lack of authority, Mr. Esparza-Recendez urges us to consider the issue in the first instance, claiming he could not have known the IJ

(continued)

The BIA has recognized "a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as rehabilitation or immigration hardships." *Matter of Pickering*, 23 I. & N. Dec. at 624. It is "now fairly well-settled" that criminal convictions vacated or expunged due to post-conviction events, such as "immigration-related hardship" and "expungements for rehabilitative reasons, . . . still allow [for] removal," but "vacaturs on the basis of a procedural or substantive defect in the underlying proceedings . . . do not." *Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1128-29 (10th Cir. 2005) (internal quotation marks and brackets omitted).

In *Cruz-Garza*, we considered the same statutory authority for the reductions in offense levels here, Utah Code Ann. § 76-3-402. We observed that subsections (1) and (3) of § 76-3-402 permit a court to reduce an offense by two degrees "if the court concludes that it is 'unduly harsh' in light of 'the nature and circumstances of the offense' and 'the history and character of the defendant.'" 396 F.3d at 1131 (quoting § 76-3-402(1)). Such considerations, we explained, "clearly focus on matters leading up to and encompassed within the judgment of conviction, not on post-conviction events relating to the subsequent success or failure of rehabilitation."

---

would fail to consider whether his convictions for attempted forgery and attempted theft by deception must satisfy § 1101(a)(43)(M)(i). But Mr. Esparza-Recendez knew DHS's position on his request for cancellation of removal, and nothing stopped him from raising this issue to the IJ.

*Id.* But subsection (2), we noted, "deals specifically with probation compliance and does not involve any consideration of the offense and offender characteristics."[2] *Id.* at 1131 n.5. The practical implication for Mr. Esparza-Recendez, then, is that any reduction in offense level pursuant to subsections (1) or (3) could preserve his eligibility for cancellation of removal, but a reduction pursuant to the rehabilitative procedures of subsection (2) would not.

Mr. Esparza-Recendez obtained an amended order from the Utah court specifically indicating that his attempted aggravated burglary conviction was reduced to a class B misdemeanor pursuant to subsection (1) of Utah Code Ann. § 76-3-402. *See* Admin R. at 411. Under *Pickering* and *Cruz-Garza*, that order was legally effective for purposes of cancellation of removal to reduce Mr. Esparza-Recendez's conviction from a disqualifying third degree felony to a still-eligible class B misdemeanor. But the Utah court order reducing his convictions for attempted forgery and theft by deception did not specify which subsection of § 76-3-402 the

---

[2] Subsection (2) of Utah Code Ann. § 76-3-402 provides:

> If the court suspends the execution of the sentence and places the defendant on probation, whether or not the defendant is committed to jail as a condition of probation, the court may enter a judgment of conviction for the next lower degree of offense: (a) after the defendant has been successfully discharged from probation; (b) upon motion and notice to the prosecuting attorney; (c) after reasonable effort has been made by the prosecuting attorney to provide notice to any victims; (d) after a hearing, if requested by either party under Subsection (2)(c); and (e) if the court finds entering a judgment of conviction for the next lower degree of offense is in the interest of justice.

- 11 -

reduction was pursuant to. Although Mr. Esparza-Recendez sought clarification from the state court, he could produce only the stipulated motion for reduction, which invoked subsection (2) of § 76-3-402. *Id.* at 538. This strongly suggests that the convictions for attempted forgery and theft by deception were reduced due to some post-conviction event, not due to some defect in the underlying proceedings. The consequence of this is that the convictions still served as disqualifying aggravated felonies for purposes of relief from removal because the ambiguity works against Mr. Esparza-Recendez. Indeed, he bore the burden to establish his eligibility for relief, *see* 8 C.F.R. § 1240.8(d), and the lack of clarity in the Utah order demonstrates he failed to satisfy that burden, *see Garcia*, 584 F.3d at 1290 ("The fact that [respondent] is not to blame for the ambiguity surrounding his criminal conviction does not relieve him of his obligation to prove eligibility for discretionary relief.").

Accordingly, Mr. Esparza-Recendez failed to show he was eligible for cancellation of removal.[3]

---

[3] Mr. Esparza-Recendez also urges us to look past his convictions to his sentences, which he says are entitled to "full faith and credit" for immigration purposes. Pet'r Br. at 21. This argument conflates two separate inquiries, however. In *Matter of Cota-Vargas*, 23 I. & N. Dec. 849, 851-52 (BIA 2005), the BIA distinguished *Pickering*, explaining that its analysis for discerning a "conviction" under 8 U.S.C. § 1101(a)(48)(A) is distinct from the analysis used for determining the "term of imprisonment" under § 1101(a)(48)(B). Mr. Esparza-Recendez invokes *Cota-Vargas*, asserting that his terms of imprisonment govern the analysis, but this overlooks his failure to show that his reduced convictions were legally effective in the first place under *Pickering*.

## C. *Continuance*

Mr. Esparza-Recendez's final contention is that the IJ erred in denying him a continuance to pursue an order from Utah court clarifying the specific grounds for his offense reductions. As a preliminary matter, DHS says we lack jurisdiction to consider this issue, but this argument is foreclosed by *Jimenez-Guzman v. Holder*, where we explained that a decision made discretionary by regulation does not fall under the general jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(ii). 642 F.3d 1294, 1297 (10th Cir. 2011) (citing *Kucana v. Holder*, 130 S. Ct. 827, 831 (2010)). Our review of the IJ's denial of a continuance is for an abuse of discretion. *Id.* We perceive no error.

Following the BIA's remand, the IJ continued the hearing no less than four times in a three-month period so as to enable the parties to determine whether Mr. Esparza-Recendez had been convicted of two or more crimes of moral turpitude. Mr. Esparza-Recendez indicated he would be able to obtain an order clarifying that his attempted forgery and theft by deception convictions were reduced on non-rehabilitative grounds, but he never did. Then, at the final hearing before the IJ, Mr. Esparza-Recendez sought another one-week continuance, but the IJ denied the motion because he had already continued the hearing several times and Mr. Esparza-Recendez remained unable to obtain any clarifying order. Under these circumstances, there was no abuse of discretion. We have said that "[p]ending post-conviction motions or other collateral attacks do not negate the finality of a

- 13 -

conviction for immigration purposes unless and until the conviction is overturned."
*Id.* Because Mr. Esparza-Recendez's convictions remained valid and there was no indication they had been effectively reduced for immigration purposes or otherwise overturned, there was no good cause for a continuance. *See* 8 C.F.R. § 1003.29. Accordingly, the IJ acted within his discretion in denying a continuance.

The petition for review is denied.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge