**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OTTO F. RIVERA-BOTTZECK,

  Petitioner,

  v.

ALBERTO R. GONZALES,
Attorney General,

  Respondent.

No. 06-9509
(No. A14 156 746)
(Petition for Review)

**ORDER AND JUDGMENT***

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Otto F. Rivera-Bottzeck, appearing pro se, seeks judicial review of the

denial of his application for cancellation of removal under 8 U.S.C. § 1229b(a).

We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Petitioner is a native and citizen of Guatemala. He was admitted to the

United States in 1964, when he was three years old. He conceded removability,

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

but applied for cancellation of removal. An immigration judge (IJ) found him ineligible for this discretionary relief because he failed to establish, as required by § 1229b(a)(3), that he has not been convicted of an aggravated felony. Specifically, 8 U.S.C. § 1101(a)(43)(M)(i) defines "aggravated felony" to include an offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." The Board of Immigration Appeals (BIA) issued a short opinion affirming the IJ's decision and dismissed the appeal.

Mr. Rivera-Bottzeck has never disputed that his conviction for securities fraud "involves fraud or deceit." He argues only that the victims of his crime suffered no monetary loss and therefore the offense does not qualify as an aggravated felony under § 1101(a)(43)(M)(i). He also appeals the BIA's denials of his motions to reconsider and to reopen.

## I. Jurisdiction

We first address the threshold question whether we have jurisdiction to consider petitioner's appeal. The government asserts that there is no statutory bar to our jurisdiction because it did not charge Mr. Rivera-Bottzeck as removable based upon an aggravated felony conviction, and instead only relied on that conviction as a basis to disqualify him from the discretionary relief of cancellation of removal under § 1229b(a). We agree that the limitation on judicial review under 8 U.S.C. § 1252(a)(2)(C), which applies when the alien is removable based on an aggravated felony, is not applicable in this case. But

-2-

neither party has addressed the limitation on judicial review, pursuant to

§ 1252(a)(2)(B)(i), of decisions regarding cancellation of removal under §1229b.

In *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148-49 (10th Cir. 2005),

we considered whether, notwithstanding the limitation on judicial review of

judgments regarding granting of relief under § 1229b, we had jurisdiction to

review non-discretionary agency decisions reached under that section. In that

case the alien sought review of the agency's determination that she did not meet

the requirement of ten years' continuous physical presence in the United States

under § 1229b(b)(1)(A). We concluded that determination was subject to judicial

review because it "turned on the evaluation of non-discretionary criteria,"

reasoning that "[t]his is not a question for which we can say that there is 'no

algorithm' on which review can be based, or one that involves a 'judgment call'

by the agency." *Id.* at 1149. We now determine whether a particular agency

decision under § 1229b is discretionary or non-discretionary on a case-by-case

basis. *See Perales-Cumpean v. Gonzales*, 429 F.3d 977, 982 (10th Cir. 2005)

(holding that determination whether particular conduct rises to the level of

"extreme cruelty" under § 1229b is discretionary).

Here, Mr. Rivera-Bottzeck claims that the agency erred in its determination

that he is ineligible for cancellation of removal based on his failure to establish he

has not been convicted of an aggravated felony. Specifically, the BIA determined

that he failed to demonstrate that the victims of his crime suffered a loss that was

not in excess of $10,000. Like the determination in *Sabido Valdivia*, that decision also turns on the evaluation of non-discretionary criteria and does not require a "judgment call" by the IJ. Therefore, we hold that the jurisdictional limitation in § 1252(a)(2)(B)(i) does not apply in this case, because Mr. Rivera-Bottzeck's claims address the agency's non-discretionary determination regarding the amount of loss to the victims under § 1101(a)(43)(M)(i).

## II. Standards of Review

"We look to the record for 'substantial evidence' supporting the agency's decision: Our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006) (quotation and alteration omitted). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. . . ." 8 U.S.C. § 1252(b)(4)(B). We review the agency's legal determinations *de novo*. *See Lockett v. INS*, 245 F.3d 1126, 1128 (10th Cir. 2001). Because a single member of the BIA affirmed the IJ's decision in a brief order, we review the BIA's opinion rather than the decision of the IJ. *See Uanreroro*, 443 F.3d at 1204. We review the BIA's denials of petitioner's motions to reconsider and to reopen for an abuse of discretion. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003) (motion to reconsider); *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (motion to reopen).

-4-

### III.  Denial of Cancellation of Removal

Mr. Rivera-Bottzeck's securities fraud conviction stemmed from a multi-count indictment in Colorado state court, which alleged a scheme by which he persuaded named victims to invest in his efforts to sell his patented power drill invention.  The trial court dismissed two theft counts on his motion for acquittal. Two securities fraud counts went to the jury.  They found him not guilty on one count, but were unable to reach a verdict on Count Two, which charged that petitioner violated Colo. Rev. Stat. § 11-51-501(1)(b).  That statute provides:

> It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly: . . . To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading. . . .

On the eve of a retrial on Count Two, Mr. Rivera-Bottzeck pleaded guilty and received a deferred judgment and sentence, one of the conditions of which was payment of $65,000 in restitution.  For various reasons, including his failure to make regular restitution payments, the trial court revoked the deferred judgment and sentenced him to eight years in prison.  The BIA concluded that petitioner failed to demonstrate that the victims of his crime suffered no loss or a loss less than $10,000.  Consequently, the BIA held that Mr. Rivera-Bottzeck failed to prove that his securities fraud conviction is not an aggravated felony which precluded him from eligibility for cancellation of removal.

## A. Burden of Proof

Because Mr. Rivera-Bottzeck's arguments on appeal appear to be based upon a misunderstanding of his burden of proof in support of his application for cancellation of removal, we address that issue first. As we noted in the context of our jurisdictional analysis, the government did not charge Mr. Rivera-Bottzeck as removable based upon conviction of an aggravated felony. Had it done so, it would have had to establish the existence of such a conviction by clear and convincing evidence. *See Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1130 (10th Cir. 2005) (holding that government had to prove by clear and convincing evidence that alien's conviction fell within § 1101(a)(43) in support of removal). Instead, Mr. Rivera-Bottzeck *conceded* removability and his claims on appeal relate only to the agency's determination that he is ineligible for cancellation of removal under § 1229b(a). Therefore, "the burden shifted to him to show that he was both statutorily eligible for relief from removal and that the Attorney General should exercise his discretion to grant that relief." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005).

"If the evidence indicates that one or more of the grounds for mandatory denial of the application for relief may apply, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." 8 C.F.R. § 1240.8(d). One of the statutory requirements for eligibility for cancellation of removal is that the alien has not been convicted of an aggravated

-6-

felony. *See* § 1229b(a)(3). Therefore, in order to qualify for cancellation of removal under that section, Mr. Rivera-Bottzeck had to establish that he has *not* been convicted of an aggravated felony.

He raises two legal challenges to the BIA's determination that he failed to establish that the loss to his victims was not greater than $10,000.

## B. Legality of the Restitution Order

Mr. Rivera-Bottzeck first argues that the BIA erred in relying on the amount of the $65,000 restitution order, as the basis for concluding there was evidence of loss to the victims exceeding $10,000, because he challenged the legality of that order. He asserts that under Colorado law an order must be based on actual damages, that there were no actual damages as a result of his offense, and therefore the restitution order is illegal. He characterizes his agreement to pay restitution as buying back the investors' claims to any profit from the sale of his invention, rather than compensation for their losses. Therefore, he maintains that the BIA should have evaluated the legality of the restitution order, and having failed to do so, that this court should make that determination in this appeal. In the absence of such a determination, Mr. Rivera-Bottzeck contends that the BIA could not rely on the restitution order, the validity of which he challenges.[1]

---

[1]     For this proposition Mr. Rivera-Bottzeck relies on an unpublished decision of this court, *St. John v. Ashcroft*, No. 01-5179, 43 F. App'x 281 (10th Cir. 2002)
(continued...)

We disagree. "Once the conviction becomes final, it provides a valid basis for deportation unless it is overturned in a post-conviction proceeding." *Trench v. INS*, 783 F.2d 181, 184 (10th Cir. 1986) (quotation omitted). We hold that Mr. Rivera-Bottzeck cannot collaterally attack the validity of the state court restitution order in these removal proceedings. *See id.* (holding that BIA was not authorized to evaluate the validity of petitioner's state court convictions); *Vargas v. Dep't of Homeland Sec.*, 451 F.3d 1105, 1107 (10th Cir. 2006) (holding that this court had no authority to address the petitioner's challenge to the validity of his guilty plea in state court, regardless of whether it had merit).

## C. "Modified Categorical Approach"

Mr. Rivera-Bottzeck's second argument is that the BIA erred by failing to apply the so-called "modified categorical approach" to determining whether he was convicted of an aggravated felony. Under that approach, which is borrowed from criminal sentencing law, a court first compares the definition of an aggravated felony in the Immigration and Nationality Act (INA) with the elements of the crime of conviction. *See Vargas*, 451 F.3d at 1108-09 (referring to the "categorical approach"). At this stage, courts "'look[] only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Id.* at 1108 (quoting *Taylor v. United States*, 495 U.S. 575, 600

---

[1](...continued)
(unpublished). Under 10th Cir. R. 32.1, unpublished decisions of this court are not precedential.

(1990)) (alteration in original). But if the elements of the crime of conviction reach "a broad range of conduct, some of which would constitute an aggravated felony and some of which would not, courts resolve the ambiguity by consulting reliable judicial records." *Id.* at 1109 (quotations omitted). In the context of a guilty plea, the judicial records that may be reviewed include "'the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [some] comparable judicial record of this information.'" *Id.* at 1108 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). Some courts refer to this second step review of the record of conviction as a *modified categorical approach*. *See Gonzales v. Duenas-Alvarez*, ___ U.S. ___, 127 S.Ct. 815, 819 (2007).

The Supreme Court recently observed that the circuit courts have uniformly applied this approach in determining whether an alien's conviction falls within the scope of an offense listed in the INA, such that the alien is subject to removal. *Id.* at 818. In *Vargas*, we applied the approach in holding that it was appropriate for the BIA to review a charging document, in order to determine whether the petitioner was removable on the basis of being convicted of an aggravated felony under a different subsection of § 1101(a)(43). 451 F.3d at 1109. But we declined to decide whether the constraints of *Taylor* and *Shepard* necessarily apply in resolving that question. *Id.* at 1108. We have not yet had an occasion to address

whether the modified categorical approach applies in the context presented in this case, where the agency found petitioner ineligible for cancellation of removal based on his failure to establish he has not been convicted of an aggravated felony.

We need not decide that issue, however, because Mr. Rivera-Bottzeck fails to identify any aspect of the BIA's decision in this case that deviated from the modified categorical approach. We have construed his pro se appeal briefs liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (construing pro se appellate brief liberally). His initial argument is that the BIA failed to consider that the elements of Count Two do not require a showing of loss to the victims. But a categorical match between the INA definition of an aggravated felony and the statute of conviction is not a requirement for finding that the conviction was an aggravated felony. When the statutory elements of the offense of conviction cover both conduct that would, and conduct that would not, constitute an aggravated felony, the lack of a categorical match simply triggers the next step in the analysis. *See Vargas*, 451 F.3d at 1109.

At that next step, Mr. Rivera-Bottzeck contends that the BIA should have determined that the victims of his offense did not suffer any actual losses, yet he points to no evidence in the record of conviction to support that conclusion. Relying on the $65,000 restitution order, the BIA determined that there was evidence indicating that the victims of petitioner's offense suffered losses in

excess of $10,000. It was permissible for the BIA to consider the amount of restitution with respect to the question of the amount of loss to the victims. *See Khalayleh v. INS*, 287 F.3d 978, 980 (10th Cir. 2002) (considering restitution for amount of "actual loss" in plea agreement in determining whether petitioner was removable based on conviction of an aggravated felony); *Ferreira v. Ashcroft*, 390 F.3d 1091, 1098 (9th Cir. 2004) (holding that IJ properly looked to $22,000 restitution order in plea agreement in determining amount of loss to the victims). But it was petitioner's burden to produce evidence that Count Two was not an aggravated felony. *See* 8 C.F.R. § 1240.8(d). He simply did not do so. Under the modified categorical approach the BIA could not rely solely on his factual assertions, unsupported by the record, regarding the basis for the restitution.

Nonetheless, Mr. Rivera-Bottzeck argues that under the modified categorical approach, the record must establish that the *jury* was required to find all the elements of the offense defined in the INA. He specifically points to the state court's instruction to the jury to disregard evidence of loss.[2] For this proposition he cites a Ninth Circuit case: *Li v. Ashcroft*, 389 F.3d 892 (9th Cir. 2004). "The decisions of the Ninth Circuit are not binding on this circuit." *FDIC v. Daily*, 973 F.2d 1525, 1532 (10th Cir. 1992). In any event, the *Li* case is

---

[2]    The state court instructed the jury, before they deliberated on the two securities fraud counts, "I ruled a long time ago whether [the victims] make a great deal of money in this case or whether they lose everything they invested is not relevant to the charges before you." Admin. R. at 475.

factually dissimilar from this case because it involved a jury verdict, rather than a

guilty plea. The jury did not reach a verdict on Count Two; petitioner's

conviction on that count instead rested on his guilty plea. Therefore, jury

instructions and findings are not part of the record of conviction of his guilty plea

that the BIA could have relied upon under the modified categorical approach.[3]

Although petitioner asserted that the $65,000 restitution order was not

based on actual loss to his victims, the BIA concluded that he failed to support

that contention with any evidence. We hold that the BIA did not apply an

incorrect legal standard in concluding that Mr. Rivera-Bottzeck failed to

demonstrate that the victims of his crime did not suffer a loss in excess of

$10,000.

### IV. Motion to Reconsider[4]

"A motion to reconsider shall state the reasons for the motion by specifying

the errors of fact or law in the prior Board decision and shall be supported by

---

[3]     Petitioner also appears to contend that the modified categorical approach
allowed the BIA to "delve into the legitimacy of the restitution order for purposes
of aggravated felony analysis." Pet. Br. at 3(b). We have already rejected
petitioner's argument that he could collaterally challenge the validity of the
restitution order in the removal proceedings. While the modified categorical
approach permits the BIA to examine the record of conviction, it does not allow
the BIA to assess the validity of the conviction.

[4]     Mr. Rivera-Bottzeck filed an objection to the administrative record, which
mistakenly characterized his motion to reconsider as a motion to reopen. The
government conceded the error. We take judicial notice that petitioner's
January 27, 2006, filing was a motion to reconsider.

pertinent authority." 8 C.F.R. § 1003.2(b)(1). In his motion to reconsider, Mr. Rivera-Bottzeck repeated the contentions he had made in his appeal to the BIA regarding an absence of loss to his victims. He cited only one case–a decision from outside this circuit which is no longer good law. He also attached three exhibits, two of which were already in the record. The third exhibit is a transcript of the hearing during which he entered his guilty plea. The BIA found that the transcript was not new or previously unavailable evidence, and therefore declined to consider it. It also stated that it could not look behind petitioner's conviction to determine the legality of the restitution order, directing him to address his arguments to the state court. It explained that the statutory requirement of loss to the victims in § 1101(a)(43)(M)(i) need not be an element of the offense of conviction. Finally, the BIA reiterated that the IJ properly relied on the amount of restitution in finding loss to the victims in excess of $10,000.

Petitioner's arguments on appeal with respect to the BIA's denial of his motion to reconsider are no different than his arguments in support of reversal of the BIA's underlying decision. We have already addressed the merits of these arguments. We hold that the BIA did not abuse its discretion in denying Mr. Rivera-Bottzeck's motion to reconsider.

### V. Motion to Reopen

Mr. Rivera-Bottzeck filed a motion to reopen alleging claims of ineffective assistance of counsel. Specifically, he argued that his counsel abandoned him

after the hearing before the IJ, in breach of their fee agreement, and as a result he was forced to file his post-hearing brief pro se, with inadequate access to immigration-related legal materials at the state prison where he was incarcerated. The BIA denied the motion on two grounds. First, it concluded that the evidence of ineffective assistance he submitted was previously available under 8 C.F.R. § 1003.2(c). Second, the BIA held that he failed to establish prejudice because the motion did not include evidence demonstrating that he was not convicted of an aggravated felony.

We hold that the BIA did not abuse its discretion in denying Mr Rivera-Bottzeck's motion to reopen because he failed to establish any prejudice. Petitioner argues only that it is clear he was denied an opportunity to fairly present his claims after being abandoned by his counsel and forced to proceed on his own without adequate legal materials.

> Because deportation proceedings are civil in nature, a claim of ineffective assistance of counsel in a deportation proceeding may be based only on the Fifth Amendment guarantee of due process. As a result, an alien must show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair.

*Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (per curiam) (citations omitted). As the BIA noted, with his motion to reopen he still did not present any evidence that he had not been convicted of an aggravated felony. Nor does he indicate on appeal how the outcome of his removal hearing would have been different if his counsel had prepared the post-hearing brief or if he had

-14-

access to additional legal materials. Thus, his lack of counsel and legal materials in that effort did not implicate the fundamental fairness of the proceeding.

Mr. Rivera-Bottzeck's final argument is that the BIA failed to address, in its denial of his motion to reopen, his claim that he was deprived of adequate legal materials, resulting in a denial of his constitutional right of access to the courts. He asks for remand to the BIA to allow it to consider that claim. We conclude that remand is not necessary. In his motion petitioner characterized his arguments as "claims of ineffective assistance of counsel," Admin. R. at 45, and he described his lack of access to legal materials as a consequence of his counsel's ineffective assistance. We conclude that the BIA sufficiently considered and addressed his claims of ineffective assistance of counsel in their entirety. Its conclusion that he failed to show prejudice applies equally to his argument regarding lack of access to legal materials. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996) (holding prisoner must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded") (footnote omitted).[5] Therefore, the BIA's failure to explicitly discuss that aspect of his claim was not a failure to exercise its discretion or an abuse of discretion.

We hold that the BIA did not abuse its discretion in denying Mr. Rivera-Bottzeck's motion to reopen.

---

[5] We do not decide here the parameters of a prisoner's due process right to adequate legal materials for use in a removal proceeding.

-15-

The petition for review is DENIED.  Petitioner's motion to proceed without prepayment of costs or fees is GRANTED.

Entered for the Court


Michael R. Murphy
Circuit Judge