IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2008

Charles R. Fulbruge III
Clerk

No. 06-61056

TARUN HASMUKHLAI PATEL

Petitioner

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

This case involves an issue of first impression: whether a misprision of a felony offense involving a loss to the victim that exceeds $10,000 constitutes an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(M)(i). For the following reasons, we hold that it does. We, therefore, deny the petition for review.

## I. BACKGROUND FACTS

Tarun Hasmukhlai Patel, a native and citizen of India, entered the United States on October 21, 1994 without inspection. On October 27, 1995, he filed applications for asylum and withholding of deportation.[1] On December 19, 1995, the former Immigration and Naturalization Service ("INS"), now the Department

---

[1] He subsequently withdrew these applications.

of Homeland Security ("DHS"), served him with a notice, charging that he was removable as an alien who had entered the United States without inspection. He failed to appear at the scheduled hearing and the Immigration Judge ("IJ") ordered him removed in absentia. He then filed a motion to reopen the deportation proceeding and rescind the deportation order. The IJ granted the motion. On October 7, 1999, Patel appeared before the IJ, conceded deportability on the basis that he had entered the United States without inspection, and requested time to supplement his asylum application. The IJ found him removable as charged and continued the deportation proceeding.

Meanwhile, Patel was seeking a family-sponsored visa petition based on his then-recent marriage to a lawful permanent resident of the United States. The IJ continued the deportation proceeding to allow the INS to evaluate the petition. On April 2, 2002, the INS approved the petition and on September 20, 2002, Patel filed an application for adjustment of status based on his newly-obtained visa. On January 10, 2003, however, the DHS and Patel jointly moved to administratively close the deportation proceeding because Patel was in federal custody for a criminal charge of bank fraud in violation of 18 U.S.C. § 1344. The IJ granted the motion. On April 29, 2004, Patel was convicted of misprision of a felony in violation of 18 U.S.C. § 4, sentenced to eight months of imprisonment, and ordered to pay restitution.

On August 13, 2004, the DHS served Patel with another notice, charging that based on his conviction, he was also removable as an alien who had been convicted of an aggravated felony. The IJ held a hearing, agreed that Patel was removable for having committed an aggravated felony, and ordered him deported to India.[2] The BIA affirmed and Patel filed a timely petition for review.

## II. JURISDICTION AND STANDARD OF REVIEW

---

[2] The IJ also denied Patel's applications for adjustment of status and waiver of inadmissibility. Patel does not appeal those rulings and they are not before us.

Because the question of whether an offense constitutes an aggravated felony is a purely legal one, we have jurisdiction to review Patel's petition. See Larin-Ulloa v. Gonzales, 462 F.3d 456, 460-61 & n.7 (5th Cir. 2006). Although we owe deference to the BIA's interpretation of the Immigration and Nationality Act ("INA"), in accordance with the principles of Chevron USA, Inc. v. NRDC, 467 U.S. 837 (1984), we review de novo whether an offense constitutes an aggravated felony. Id. at 461 & n.8.

### III. ANALYSIS

The issue on appeal is whether the instant misprision of a felony offense constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), which defines an "aggravated felony" to include "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." The first inquiry is whether a misprision of a felony offense involves fraud or deceit. This court has recognized that "[w]hether an offense 'involves' fraud [or deceit] is a broader question than whether it constitutes fraud [or deceit]." See Omari v. Gonzales, 419 F.3d 303, 309 n.11 (5th Cir. 2005). Thus, when an aggravated felony provision uses "involves" language, we focus on whether violation of the statute "necessarily entails" the involved behavior. Id. at 307 (citing United States v. Montgomery, 402 F.3d 482, 486-88 (5th Cir. 2005)). "Fraud" and "deceit" retain their commonly understood legal meanings. James v. Gonzales, 464 F.3d 505, 508 (5th Cir. 2006) (citing Omari, 419 F.3d at 307). Black's Law Dictionary defines "fraud" as "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment," and "deceit" as "the act of intentionally giving a false impression." Black's Law Dictionary 413, 670 (7th ed. 1999).

We first note that the IJ and the BIA both erred in going beyond the statutory definition of misprision of a felony and focusing on the record of conviction to determine whether this offense necessarily entails fraud or deceit.

This court employs a categorical approach to determine whether an offense necessarily entails fraud or deceit. See Martinez v. Mukasey, 508 F.3d 255, 258 (5th Cir. 2007); Omari, 419 F.3d at 307. Under this approach, "we refer only to the statutory definition of the crime for which the alien was convicted (rather than attempt to reconstruct the concrete facts of the actual criminal offense) and ask whether that legislatively-defined offense necessarily fits within the INA definition of an aggravated felony." Larin-Ulloa, 462 F.3d at 463 (emphasis added). The purpose of the categorical approach is to avoid "the practical difficulties and fairness problems that would arise if courts were permitted to consider the facts behind prior convictions. . . . [which] would potentially require federal courts to relitigate a defendant's prior conviction in any case where the government alleged that the defendant's actual conduct fit the definition of a predicate offense." Id. (citing Taylor v. United States, 495 U.S. 575, 601 (1990)).

Although this court recognizes a narrow exception to the categorical approach that permits reference to the record of conviction, it is inapplicable in this case because the federal misprision statute does not contain disjunctive elements or divisible subsections creating multiple offenses. See James, 464 F.3d at 508 n.16 & n.21 (stating that exception applies when statute is divisible into discrete subsections); Omari, 419 F.3d at 308 (same); Smalley v. Ashcroft, 354 F.3d 332, 336 (5th Cir. 2003) (same); see also Calderon-Pena, 383 F.3d 254, 258 (5th Cir. 2004) (en banc) (stating that exception applies when statute provides list of alternative methods of commission). Moreover, unlike the federal aiding and abetting statute involved in James, the federal misprision of a felony statute defines a separate offense, distinct from the underlying felony. See James, 464 F.3d at 510 n.24 (citing Londono-Gomez v. INS, 699 F.2d 475, 476 (9th Cir. 1983)). Thus, the fact that Patel was specifically indicted for misprision of a bank fraud is irrelevant to our inquiry of whether the statutory definition of the offense itself necessarily entails fraud or deceit.

We now turn to the statutory definition in question, which provides:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 4. This court has set forth the following elements for a misprision of a felony conviction: (1) knowledge that a felony was committed; (2) failure to notify the authorities of the felony; and (3) an affirmative step to conceal the felony. See United States v. Adams, 961 F.2d 505, 508 (5th Cir. 1992). "[U]nder the misprision statute, the defendant must commit an affirmative act to prevent discovery of the earlier felony." Id. "Mere failure to make known does not suffice." Id. at 508-09 (citation omitted). It is irrelevant whether at the time of concealment the Government had knowledge of either the crime or the identity of the perpetrator. Lancey v. United States, 356 F.2d 407, 409 (9th Cir. 1966).

The Government argues that the third element, an affirmative step to conceal the felony, necessarily entails fraud or deceit. We agree. To be convicted of a misprision of a felony offense, the defendant must commit some affirmative act to prevent discovery of the earlier felony. Adams, 961 F.2d at 508. Such conduct necessarily entails the act of intentionally giving a false impression, i.e., the false impression that the earlier felony never occurred. See Itani v. Ashcroft, 298 F.3d 1213, 1216 (11th Cir. 2002) (per curiam) (concluding that misprision of a felony is a crime of moral turpitude because it necessarily involves dishonest or fraudulent conduct). Thus, we agree that a misprision of felony offense necessarily entails deceit, thereby satisfying the first prong of 8 U.S.C. § 1101(a)(43)(M)(i).

With respect to the second prong, whether the loss to the victim exceeds $10,000, Patel does not dispute -- and during the IJ hearing, concedes -- that the

amount in question exceeds $10,000. Instead, in the final paragraph of his brief, he argues only that there is no evidence of any loss because he never spent the money, which always remained in his bank account. Thus, his challenge goes towards the initial order of restitution. However, whether there was an actual loss sufficient to justify an order of restitution under 18 U.S.C. § 3664 is an issue that should have been raised and argued before the sentencing court. See 18 U.S.C. § 3664(e) (noting that any dispute to the amount or type of restitution shall be resolved by the sentencing court by the preponderance of the evidence). Patel cannot now collaterally attack the validity of his restitution order during these proceedings. See Rivera-Bottzeck v. Gonzales, 240 F. App'x 272, 276 (10th Cir. 2007) (unpublished); see also Brown v. INS, 856 F.2d 728, 730 (5th Cir. 1986) (holding that petitioner may not collaterally attack legitimacy of his conviction during removal proceedings). For our purposes, the fact remains that Patel does not dispute -- and during the IJ hearing, concedes -- that he was convicted of an offense and ordered to pay restitution to a victim in which the amount of loss resulting from his conviction exceeds $10,000, thereby satisfying the second prong of 8 U.S.C. § 1101(a)(43)(M)(i).

Because Patel was convicted of an offense that necessarily entails fraud or deceit and involves a loss to the victim exceeding $10,000, the IJ and the BIA did not err in concluding that Patel is removable for having committed an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i).

## IV. CONCLUSION

For the foregoing reasons, we deny the petition for review.