# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2010

No. 08-60505
Summary Calendar

Lyle W. Cayce
Clerk

GBOLAHAN OWOLABI IDOWU, also known as Gdolahan Idowu, also known as Bola Idowu, also known as Zaheed G Bola, also known as Owolabi Alabi, also known as Owolabi Bola, also known as Bola B Aladi, also known as Zaheed Alamu, also known as Idowa Bola, also known as Gbola Idowu, also known as Gbolahan Idown, also known as Idowu, also known as Idowu Gbolahan, also known as Gblahan Idown,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A90 574 713

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gbolahan Owolabi Idowu, a native and citizen of Nigeria, petitions this court for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal of the Immigration Judge's order that he was removable pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1227(a)(2)(A)(iii) and ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a)(3) because he committed an aggravated felony. He also petitions this court for review of the BIA's denial of his motion for reconsideration.

Idowu contends that the BIA erred when it determined that he was subject to removal and statutorily ineligible for cancellation of removal because his second New York conviction for criminal possession of a controlled substance in the seventh degree was punishable as an aggravated felony under the recidivist provisions of the Controlled Substances Act. This court reviews the BIA's legal conclusions, including whether a past conviction constitutes an aggravated felony, de novo. *Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008).

The BIA relied on its decision in *In re Carachuri-Rosendo*, 24 I&N Dec. 382 (BIA 2007), to reject Idowu's argument that his second state possession conviction did not constitute an aggravated felony because it was not prosecuted in state court as a recidivist offense. However, the Supreme Court has rejected the BIA's reasoning in that decision, holding that a second or subsequent simple possession conviction is not an aggravated felony under the Immigration and Nationality Act "when . . . the state conviction is not based on the fact of a prior conviction." *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2580 (2010).

As in *Carachuri-Rosendo*, the record does not reflect that Idowu was actually convicted under New York's recidivist statute. *See id.* at 2586. Because the legal basis for the BIA's decision is no longer valid, Idowu's petition for review, which was transferred to this court on June 6, 2008, is GRANTED, and the case is REMANDED to the BIA for further proceedings. Idowu's petition for review of the BIA's denial of his motion for reconsideration, which was transferred to this court on July 16, 2008, is DENIED as moot. Idowu's petitions for review of the BIA's denial of his motion for reconsideration, which were transferred to this court on September 12, and September 30, 2008, are

No. 08-60505

DISMISSED for lack of jurisdiction as untimely. *See Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 676 (5th Cir. 2003).