# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-60977

DONALD EFREN FRANCO-CASASOLA,

> Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

> Respondent

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2014

Lyle W. Cayce
Clerk

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043-282-317

Before OWEN, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

Donald Efren Franco-Casasola petitions for review of the decision of the Board of Immigration Appeals ("BIA") that he is ineligible for cancellation of removal due to his conviction of an aggravated felony. Franco-Casasola argues the BIA erred in determining that his statute of conviction was divisible and in applying the modified categorical approach to conclude he had been convicted of an aggravated felony. The petition is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60977

FACTUAL AND PROCEDURAL BACKGROUND

Franco-Casasola, a native and citizen of Guatemala, was admitted as an immigrant in Los Angeles, California, on May 29, 1992. On June 6, 2011, the Department of Homeland Security ("DHS") issued a Notice to Appear, alleging that on April 1, 2011, Franco-Casasola was convicted of the fraudulent purchase of firearms for export in violation of 18 U.S.C. § 554(a). The notice alleged that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony, namely "illicit trafficking in firearms." *See* 8 U.S.C. § 1101(a)(43)(C). Franco-Casasola denied the charges of removability and filed an application for cancellation of removal. DHS responded by filing a motion contending he was ineligible for cancellation of removal because his conviction constituted an aggravated felony. *See* 8 U.S.C. § 1229b(a).

The immigration judge ("IJ") held an evidentiary hearing and DHS submitted the indictment charging Franco-Casasola with conspiracy to purchase and export firearms and ammunition to drug cartels in Guatemala in violation of Section 554(a). Franco-Casasola pled guilty to buying five semi-automatic pistols knowing they were intended for export to Guatemala and was sentenced to five months' imprisonment and two years of supervised release. Franco-Casasola and his girlfriend also testified at the hearing about his permanent resident status, work history, and family ties to the United States. The IJ decided that Franco-Casasola's conviction under Section 554(a) did not constitute the aggravated felony of illicit trafficking in firearms, making him eligible for discretionary relief from removal. It then determined his case merited a favorable exercise of discretion and granted his application for cancellation of removal. DHS appealed to the BIA.

The BIA disagreed with IJ. It concluded that a conviction under Section 554(a) did constitute the aggravated felony of illicit trafficking in firearms,

No. 12-60977

thereby making cancellation of removal unavailable. Franco-Casasola timely filed a petition for review.

## DISCUSSION

Generally, this court reviews only the final decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). The BIA's determination that an alien is ineligible for cancellation of removal is a question of law we review *de novo*. *Vasquez-Martinez v. Holder*, 564 F.3d 712, 715 (5th Cir. 2009). While we give deference to the BIA's interpretation of immigration statutes, we review *de novo* the BIA's determination of whether a particular state or federal crime qualifies as an aggravated felony. *Id.*; *Patel v. Mukasey*, 526 F.3d 800, 802 (5th Cir. 2008).

An alien is eligible to seek discretionary cancellation of removal if he has been a lawful permanent resident for at least five years, has resided in the United States continuously for seven years after having been admitted under any status, and has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a). An alien seeking cancellation of removal has the burden of showing by a preponderance of the evidence "that he is not an aggravated felon and is therefore statutorily eligible for relief." *Vasquez-Martinez*, 564 F.3d at 715-16.

The initial question on appeal is how to determine whether a prior offense qualifies as an aggravated felony. We start with the categorical approach in making that determination. *See Larin-Ulloa v. Gonzalez*, 462 F.3d 456, 463 (5th Cir. 2006). Using this approach, the court refers "only to the statutory definition of the crime for which the alien was convicted . . . and ask[s] whether that legislatively-defined offense necessarily fits within the INA definition of an aggravated felony." *Id.* The statute under which Franco-Casasola was convicted provides:

3

No. 12-60977

Whoever fraudulently or knowingly exports or sends from the United States, or attempts to export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 554(a). An aggravated felony includes "illicit trafficking in firearms or destructive devices." 8 U.S.C. § 1101(a)(43)(C). It is undisputed that the categorical approach does not provide a final answer here because Franco-Casasola's statute of conviction does not necessarily fit within the INA definition of the aggravated felony of illicit trafficking in firearms.

If the categorical approach does not provide an answer, a modified categorical approach may be used in limited circumstances. *Patel*, 526 F.3d at 803. All parties are also in agreement that the modified categorical approach as applied by this court requires that the statute of conviction be divisible. *Amouzadeh v. Winfrey*, 467 F.3d 451, 455 (5th Cir. 2006). If it is, the modified categorical approach allows examination of "the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" in addition to the language of the statute of conviction. *Larin-Ulloa*, 462 F.3d at 464.

The IJ and the BIA disagreed on the issue of whether Section 554(a) is divisible for purposes of application of the modified categorical approach. The BIA determined that Section 554(a) was divisible. It then applied the modified categorical approach. The BIA also cited one of its earlier decisions, though, to state that its methodology for analyzing whether a statute of conviction is divisible varies from what this court has articulated. *See Matter of Lanferman*, 25 I. & N. Dec. 721, 725 (BIA 2012).

4

No. 12-60977

The BIA has determined that in the immigration context, divisibility should be permitted in "all statutes of conviction . . . regardless of their structure, so long as they contain an element or elements that could be satisfied either by removable or non-removable conduct." *Id.* at 727. In selecting this broad approach for determining divisibility, the BIA specifically rejected as too formulaic this court's divisibility approach. *Id.* at 725 (citing *Amouzadeh*, 467 F.3d at 455 and *Larin-Ulloa*, 462 F.3d 456). In the present matter, the BIA applied the divisibility approach it outlined in *Lanferman* to conclude that Section 554(a) is divisible. In doing so, the BIA held our past decisions did not authoritatively define the scope of divisible statutes for immigration purposes in the Fifth Circuit.

We do not, in this appeal, analyze the merits of the BIA's formulation for determining divisibility.[1] We conclude that our precedents on divisibility also command the conclusion that Section 554(a) is divisible. Our approach to divisibility has focused on the structural or grammatical features of a statute of conviction such as subdivisions or disjunctively-stated alternative means of committing the offense. *See Patel*, 526 F.3d at 803. Although Section 554(a) is not divided into discrete subsections, it does list various means of committing the offense within disjunctively listed words and phrases. Section 554(a) lists "any merchandise, article, or object" and prohibits exportation as well as receiving, concealing, buying, selling, or in any manner facilitating "the transportation, concealment, or sale of such merchandise, article or object." *See* 18 U.S.C. § 554(a).

On its face, Section 554 prohibits various types of conduct and applies to a broad range of objects, only some of which would constitute an aggravated

---

[1] The Government has argued that the Board's determination of the best approach in the immigration context for determining divisibility is a legitimate exercise of the Board's prerogatives and is entitled to deference.

felony under Section 1101(a)(43)(C). *See Nolos v. Holder*, 611 F.3d 279, 284-85 (5th Cir. 2010) (finding statute divisible where it describes crimes, only some of which qualify as aggravated felonies). Thus, we conclude the structural characteristics of Section 554(a) "provide . . . multiple forms of the offense, and at least one is not an aggravated felony," making it divisible for use of the modified categorical approach.[2] *Perez-Gonzalez v. Holder*, 667 F.3d 622, 625 (5th Cir. 2012). The BIA did not err in concluding Section 554(a) is divisible. In light of our conclusion that Section 554(a) is divisible, it was also not error for the BIA to apply the modified categorical approach.

Upon review of the record of conviction, the BIA determined Franco-Casasola's offense fell within the meaning of illicit trafficking in firearms. The record of conviction shows that Franco-Casasola did "buy, receive, conceal and facilitate the transportation, concealment and sale" of semi-automatic pistols "knowing these to be intended for export to Guatemala." The term "trafficking" is defined as "[t]he act of transporting, trading, or dealing, esp. in people or illegal goods." BLACK'S LAW DICTIONARY (9th ed. 2009). The BIA has concluded that "[e]ssential to the term" trafficking is its "business or merchant nature."[3] *Matter of Davis*, 20 I. & N. Dec. 536, 541 (BIA 1992), *modified on*

---

[2] This approach to determining when a statute is divisible appears consistent with the Supreme Court's most recent opinion discussing divisibility in the criminal context. The Court described divisible statutes as those "listing potential offense elements in the alternative . . ." where one alternative matches an element in the generic offense, but the other does not. *See Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013). Neither party contends that the Supreme Court's decision in *Descamps*, or its other decision from the same term in *Moncrieffe v. Holder*, 133 S.Ct. 1678 (2013), has altered our court's precedent regarding how we determine whether a statute is divisible or how we apply the modified categorical approach in immigration cases. In the absence of any argument from the parties, we do not analyze now whether either of those decisions requires alteration of our precedent.

[3] At least one of our sister circuits has concluded that the BIA's construction of the term — hinging on the business or merchant nature of the firearms conviction — is a reasonable one comporting with the legal and everyday usage of that term. *See Kuhali v. Reno*, 266 F.3d 93, 108 (2d Cir. 2001).

*other grounds by Matter of Yanez-Garcia,* 23 I. & N. Dec. 390, 391 (BIA 2002). We have likewise concluded that "trafficking ordinarily means some sort of commercial dealing." *Arce-Vences v. Mukasey,* 512 F.3d 167, 171 (5th Cir. 2007) (quotation marks omitted). Franco-Casasola's record of conviction shows that his offense involved commercial buying and selling of firearms for export to Guatemala; as such, we conclude that the BIA did not err in determining that Franco-Casasola's conviction was an aggravated felony involving "illicit trafficking in firearms" under Section 1101(a)(43)(C). The BIA did not err in holding that Franco-Casasola is ineligible for cancellation of removal.

The petition for review is DENIED.