**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-2072

---

ABHIJIT PARIKH,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A76-145-383)

---

Argued: September 19, 2005          Decided: November 18, 2005

---

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Joseph R. GOODWIN, United States District Judge for the Southern
District of West Virginia, sitting by designation.

---

Petition for review denied by unpublished per curiam opinion.

---

**ARGUED:** Dean Edwards Wanderer, DEAN E. WANDERER & ASSOCIATES,
Fairfax, Virginia, for Petitioner. Carol Federighi, UNITED STATES
DEPARTMENT OF JUSTICE, Office of Immigration Litigation,
Washington, D.C., for Respondent. **ON BRIEF:** Peter D. Keisler,
Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant
Director, UNITED STATES DEPARTMENT OF JUSTICE, Office of
Immigration Litigation, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Abhijit Parikh was admitted to the United States as a conditional resident on June 2, 2000. J.A. 5, 91. In 2003, following his conviction for six offenses associated with credit card fraud, the Government initiated deportation proceedings pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(i) and (ii). The Immigration Judge found that Parikh qualified for deportation under either subsection and the Board of Immigration Appeals (BIA) affirmed. J.A. 61, 209. Parikh appeals. As explained herein, we deny Parikh's petition for review.

I.

Abhijit Parikh, while a student at James Madison University, fraudulently used a credit card to obtain goods from a Wal-Mart and a Hess gas station on August 29, 2003. J.A. 7–18. Specifically, he obtained milk, cigarettes, gas, an x-box video game system, and several video games. J.A. 69. He pleaded guilty and was convicted of two counts of credit card fraud, two counts of using a false statement to obtain credit, and two counts of receiving goods via credit card fraud. Petr.'s Br. 2. The two counts of credit card fraud, in violation of Virginia Code section 18.2-195, are Class 1 misdemeanors that carry a maximum penalty of one year imprisonment. J.A. 5.

2

The Government instituted deportation proceedings and claimed Parikh was subject to removal in two ways under the Immigration and Nationality Act (INA). J.A. 3-6. The first was under section 237(a)(2)(A)(i) of the INA, which provides:

> Any alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission, and is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable.

8 U.S.C. § 1227(a)(2)(A)(i) (2000). The Government also contended that Parikh was subject to removal under section 237(a)(2)(A)(ii) of the INA, which provides:

> Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

8 U.S.C. § 1227(a)(2)(A)(ii) (2000). The Immigration Judge found Parikh removable under either section. J.A. 61.

Parikh timely filed an appeal with the BIA. J.A. 69. While the appeal was pending, however, the Virginia state court ruled on a Petition for Writ of Error Corum Vobis that Parikh had filed. J.A. 68-71. Parikh requested that the Virginia state court modify his convictions to prevent deportation. He asserted he would not have pleaded guilty to the original charges had he known he would be deported. Petr.'s Br. 10. In his Petition, Parikh stated:

> If the Petitioner, the Judge, or the Counsel for the Petitioner had been aware of the future removal requirement caused by their decisions, each could have acted or advised differently as the consequences of

3

deportation on the Petitioner and his family would have far - far harsher effects than the sentence imposed.

J.A. 92. The state court chose to modify all of Parikh's convictions by changing each of them to convictions for making a false statement to obtain credit in violation of Virginia Code section 18.2-186(A), a Class 2 misdemeanor that carries a maximum sentence of six months imprisonment. Va. Code Ann. 18.2-11 (2005). Because the new convictions did not carry maximum penalties of one year imprisonment, Parikh filed a motion to remand with the BIA in addition to the direct appeal. J.A. 182-83.

The BIA was unpersuaded by Parikh's argument that the vacated convictions had no effect. The BIA explained that the state court's decision to vacate the original convictions had no effect on the immigration proceedings because the original convictions were vacated "for reasons unrelated to the merits of the underlying criminal proceedings." J.A. 209. Because Parikh failed to identify any procedural or substantive defects in the underlying criminal proceedings, he remained "convicted" for immigration purposes. J.A. 209. The BIA affirmed the Immigration Judge's ruling that Parikh was deportable under either section. This appeal followed.

## II.

The court has jurisdiction to review the petition to the extent it raises constitutional claims or questions of law. 8

4

U.S.C. § 1252(a)(2)(D). Because Parikh's petition raises legal issues, specifically the nature of his convictions, this court has jurisdiction to review Parikh's petition for removal. This court agrees with the Immigration Judge and the BIA's findings that Parikh is removable under either section.

## A.

First, Parikh is removable under section 237(a)(2)(A)(i). Parikh's vacated convictions, which carry maximum penalties of imprisonment of at least one year, still govern for immigration purposes. The substituted convictions that have maximum penalties of six months imprisonment do not govern this review.

If an alien's conviction is vacated because of a defect in the underlying criminal proceedings, the BIA has ruled that the alien is no longer "convicted" as defined by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA).[1] J.A. 209. The

---

[1] In 1996, Congress passed the IIRIRA, which provided a definition of "conviction" for immigration purposes. 8 U.S.C. § 1101(a)(48)(A) (2000). According to the statute, an alien is "convicted" when a court enters a formal judgment of guilt against him. Id. This definition, however, does not explain the effect of an order entered after the conviction that substitutes a new sentence. As a result, the BIA's interpretation of the statute will govern if it is reasonable. See Chevron v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984) ("[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."). Immigration law's highly complex regulatory scheme makes deference in this area "particularly apropos." Pauley v. Bethenergy Mines, Inc., 501 U.S. 680, 697 (1991).

5

alien, however, remains "convicted" for immigration purposes if the original conviction is vacated for reasons not related to the merits of the underlying criminal proceedings. In re Pickering, 23 I. & N. Dec. 621, 624 (BIA 2003). The BIA has explained that "there is a significant distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-conviction events, such as rehabilitation or immigration hardships." Id.

As the Tenth Circuit recently explained, the treatment of vacated convictions is well settled. Cruz-Garza v. Ashcroft, 396 F.3d 1125, 1129 (10th Cir. 2005). Courts considering this issue have deferred to the BIA's approach.[2] This court joins its sister circuits in finding the BIA's approach reasonable and entitled to Chevron deference.

---

[2]Herrera-Inirio v. INS, 208 F.3d 299, 304-06 (1st Cir. 2000); Acosta v. Ashcroft, 341 F.3d 218, 225 (3d Cir. 2003); Gill v. Ashcroft, 335 F.3d 574, 578 (7th Cir. 2003); Ikenokwalu-White v. INS, 316 F.3d 798, 804 (8th Cir. 2003); Cruz-Garza, 396 F.3d at 1128-29; Resendiz-Alcaraz v. U.S. Atty. Gen., 383 F.3d 1262, 1270-71 (11th Cir. 2004).

The only courts that have not deferred to the BIA's approach are the Fifth Circuit, which has adopted a narrower reading of "conviction," Renteria-Gonzalez v. INS, 322 F.3d 804, 812-13 (5th Cir. 2002) (allowing removal even if the vacated conviction was vacated on grounds relating to the merits of the underlying criminal proceeding), and the Ninth Circuit, which originally found the BIA's approach "highly unpersuasive," Lujan-Armendariz v. INS, 222 F.3d 728, 742 (9th Cir. 2000), but is now more in line with other courts. Murillo-Espinoza v. INS, 261 F.3d 771, 774 (9th Cir. 2001) (finding the BIA's approach to be a "permissible construction of the statute").

In this case, the BIA found that the only evidence in the record indicating the basis for vacating Parikh's original convictions was his Petition for Writ of Error Corum Vobis. J.A. 209. In the Petition, Parikh states he did not know that pleading guilty to the charges he faced would trigger deportation proceedings. J.A. 90-93. Parikh does not challenge the underlying substance of his conviction or sentence. In fact, in his Petition, Parikh states, "It is clear that the sentence imposed by the Judge was appropriate but not a sever[e] one." J.A. 92. Parikh failed to offer any evidence that he was challenging the substance of the underlying criminal proceedings, which caused the BIA to conclude that his original convictions were vacated solely for immigration hardships. J.A. 209. Therefore, the original convictions remain convictions for the purposes of this proceeding and make Parikh removable under section 237(a)(2)(A)(i). J.A. 209.

B.

Parikh also is removable under section 237(a)(2)(A)(ii) because he received multiple convictions for crimes of moral turpitude that did not arise out of a single scheme of criminal misconduct. The BIA has interpreted this section's reference to conduct not arising from a single scheme "to mean when an alien has performed an act, which, in and of itself, constitutes a complete, individual, and distinct crime, he is deportable when he again

7

commits such an act, even though one may closely follow the other, be similar in character, and even be part of an overall plan of criminal misconduct." In re Adetiba, 20 I. & N. Dec. 506, 509-11 (BIA 1992). This court has accepted the BIA's interpretation of this subsection as reasonable and controlling. Akindemowo v. INS, 61 F.3d 282, 286 (4th Cir. 1995).

The fact that all of Parikh's convictions cover conduct occurring on the same day is irrelevant. One set of the convictions arises from Parikh's fraud upon a Hess gas station and the other set arises from his fraud upon Wal-Mart. The presence of separate victims supports a finding that the offenses did not constitute a single scheme of conduct. See id. at 287 (finding fraudulent checks made out to separate victims weighed against single scheme). The presence of separate convictions, the existence of an opportunity to reflect upon one crime before committing another, and the existence of a time period between the two offenses also weigh against finding that the offenses constituted a single scheme. Id. In this case, Parikh received separate convictions and some time elapsed between the fraud on Wal-Mart and the fraud on the gas station. The court agrees with the Immigration Judge and the BIA in finding that Parikh was convicted of multiple offenses of moral turpitude not arising from a single scheme.

III.

While Parikh's appeal was pending with the BIA, he also submitted an application for a waiver of inadmissibility pursuant to section 212(h) of the INA.  J.A. 209.  The BIA found Parikh ineligible for a waiver of inadmissibility because he had not accrued seven years of lawful residence in the United States.  The BIA also noted that the waiver application was not accompanied by a fee receipt, a fee waiver, or an approved Form I-130 establishing he had an immigrant visa immediately available.  J.A. 209.  This court finds that the BIA did not err in denying Parikh's request for a waiver of inadmissibility.


IV.

Accordingly, the court denies Parikh's petition for review because Parikh is removable under section 237(a)(2)(A)(i) or 237(a)(2)(A)(ii) of the INA.  The court also finds that the BIA did not err in denying his request for a waiver of inadmissibility under section 212(h).


PETITION FOR REVIEW DENIED

9