**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DUNG PHAN,

*Plaintiff - Appellant,*

v.

ERIC H. HOLDER, JR., Attorney General of the United States; NEIL H. MACBRIDE, U.S. Attorney Eastern District of Virginia; ALEJANDRO MAYORKAS, U.S. Citizenship & Immigration Services; JANET NAPOLITANO, Department of Homeland Security,

*Defendants-Appellees.*

No. 10-1794

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, Senior District Judge.
(1:10-cv-00114-TSE)

Argued: September 21, 2011

Decided: February 1, 2012

Before GREGORY, WYNN, and DIAZ, Circuit Judges.

Affirmed by published opinion. Judge Diaz wrote the opinion, in which Judge Gregory and Judge Wynn joined.

**COUNSEL**

**ARGUED:** Daniel K. Dorsey, LAW OFFICE OF DANIEL K. DORSEY, Washington, D.C., for Appellant. Monika L. Moore, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees. **ON BRIEF:** Neil H. MacBride, United States Attorney, Alexandria, Virginia, for Appellees.

---

**OPINION**

DIAZ, Circuit Judge:

In 2008, Dung Phan's application for naturalization was denied by the U.S. Citizenship and Immigration Services ("USCIS"). USCIS determined that Phan's 2002 conviction in the District of Columbia Superior Court for distribution of cocaine in a drug-free zone qualified as an aggravated felony under the Immigration and Nationality Act ("INA"), which prevented Phan from establishing his good moral character and thus from obtaining citizenship.

Before us, Phan contends that because his 2002 conviction was set aside pursuant to D.C. law, it has no operative effect, and thus USCIS should not have considered it. We hold, however, that Phan's conviction remains unchanged for immigration purposes despite the fact that the conviction was set aside on rehabilitative grounds. Because Phan's conviction is an absolute bar to obtaining citizenship, his naturalization application was properly denied. We therefore affirm.

I.

A.

On June 18, 2001, Phan, then eighteen years old, was

arrested by Washington, D.C. police and charged with distribution of cocaine in a drug-free zone. A jury convicted Phan of that offense in D.C. Superior Court. Pursuant to the District of Columbia Youth Rehabilitation Act ("DCYRA"),[1] D.C. Code §§ 24-901-24-907, Phan was sentenced to two years' imprisonment, five years' supervised release, and a fine of $200. The court, however, suspended Phan's sentence and placed him on 18 months of supervised probation, during which time he was to continue his education and full-time employment, undergo any requested mental health evaluation, and submit to random drug testing. Phan successfully completed his probation, and on December 16, 2003, his conviction was "set aside" under D.C. Code § 24-906(e).[2]

## B.

A native of Vietnam, Phan became a lawful permanent resident of the United States on February 22, 1995. On June 9, 2008, Phan filed a naturalization application to become a U.S. citizen. USCIS denied Phan's application following an inter-

[1]The DCYRA is designed "to provide rehabilitation opportunities for deserving youth adult offenders between the ages of 18 and 22 while incarcerated, and at the same time fully protect the public safety by enabling the court to impose a maximum penalty where warranted." *Smith v. United States*, 597 A.2d 377, 380 n.5 (D.C. 1991) (citing Council of the District of Columbia, Committee on the Judiciary, Report on Bill 6-47, Youth Rehabilitation Act of 1985, 2).

[2]The DCYRA enables the court to "set aside" the conviction of a youth offender on probation:

> Where a youth offender has been placed on probation by the court, the court may, in its discretion, unconditionally discharge the youth offender from probation before the end of the maximum period of probation previously fixed by the court. The discharge shall automatically set aside the conviction. If the sentence of a youth offender who has been placed on probation by the court expires before unconditional discharge, the court may, in its discretion, set aside the conviction.

D.C. Code § 24-906(e).

view and affirmed that denial upon rehearing. USCIS concluded that Phan's 2002 conviction was an aggravated felony[3] under the INA, and thus precluded Phan from establishing his good moral character—a requirement for obtaining U.S. citizenship. *See* 8 C.F.R. § 316.10(b)(1)(ii). Relying on the definition of "conviction" in the immigration context, USCIS found that Phan was convicted in 2002 because the D.C. Superior Court found him guilty of the offense and imposed a restraint on his liberty. That the conviction was subsequently set aside, USCIS determined, was not legally relevant when passing on Phan's naturalization application.

Phan contested USCIS's denial of his naturalization application in the district court. The government moved for summary judgment, maintaining that Phan's 2002 conviction, and subsequent adjudication and sentence under the DCYRA, was a conviction for purposes of the INA. The district court agreed, finding that (1) Phan had been convicted of an aggravated felony and (2) the conviction "remained intact for immigration purposes notwithstanding the [D.C.] court's setaside." J.A. 84.[4]

---

[3]An "aggravated felony" includes illicit trafficking in a controlled substance. 8 U.S.C. § 1101(a)(43)(B).

[4]Phan argued before the district court that he was not "convicted" in 2002, but rather was adjudicated a juvenile delinquent under the DCYRA. Immigration law has long considered juvenile delinquency adjudications not to be convictions. *See In re Devison-Charles*, 22 I. & N. Dec. 1362, 1365 (BIA 2000) ("We have consistently held that juvenile delinquency proceedings are not criminal proceedings, that acts of juvenile delinquency are not crimes, and that findings of juvenile delinquency are not convictions for immigration purposes."). Phan's appellate brief, however, does not address the juvenile delinquency exception, although (curiously) the government's brief does. Because Phan did not raise this alternative argument on appeal, it is waived. *See United States v. Al-Hamdi*, 356 F.3d 564, 571 n.8 (4th Cir. 2004) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned."); *Yousefi v. I.N.S.*, 260 F.3d 318, 326 (4th Cir. 2001) (finding that argument not raised in opening appellate brief was "abandoned").

Phan has never suggested that his underlying offense—distribution of cocaine in a drug-free zone—is not an aggravated felony. Rather, Phan's sole contention on appeal is that the conviction was nullified when it was subsequently set aside. For the reasons that follow, we reject this argument.

## II.

Courts review a decision denying a naturalization application de novo. 8 U.S.C. § 1421(c); *Etape v. Chertoff*, 497 F.3d 379, 390-91 (4th Cir. 2007) (Hamilton, J., dissenting). Similarly, we review a district court's decision to grant a motion for summary judgment de novo and, in so doing, view the facts in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *See Robinson v. Clipse*, 602 F.3d 605, 607 (4th Cir. 2010). "If there is a genuine issue of material fact or if [the government] is not entitled to judgment as a matter of law on [the] record, then summary judgment is inappropriate." *Id.* (citations omitted).

## III.

To qualify for naturalization, an applicant bears the burden of showing that he "is a person of good moral character." 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10(a)(1). Under 8 U.S.C. § 1101(f)(8), "[n]o person shall be regarded as . . . a person of good moral character who, . . . at any time has been convicted of an aggravated felony." Section 1101 of the INA defines "conviction" for immigration purposes as follows:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some

form of punishment, penalty, or restraint on the
alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A).

Phan's 2002 conviction satisfies this statutory definition.
First, the D.C. Superior Court entered "a formal judgment of
guilt[,]" which is all that the statute requires for a conviction.
*Id.* Although Phan was given an opportunity to have the judg-
ment set aside if he complied with the terms of his probation-
ary sentence, his judgment was not withheld. And even if we
assume that a "set aside" results in a judgment "withheld" for
purposes of § 1101(a)(48)(A), a jury found Phan guilty, *id.*
§ 1101(a)(48)(A)(i), and "the judge . . . ordered some form of
punishment, penalty, or restraint" on his liberty, *id.*
§ 1101(a)(48)(A)(ii). That Phan's prison sentence was sus-
pended in favor of probation is irrelevant because the condi-
tions of probation, backed by the specter of a suspended
prison sentence, are most certainly a form of punishment or
penalty and a restraint on one's liberty. Thus, on its face,
Phan's 2002 conviction in D.C. Superior Court satisfies the
requirements for a "conviction" under 8 U.S.C.
§ 1101(a)(48)(A).

## IV.

The plain meaning of the statute alone, as applied to Phan's
2002 conviction, would normally end our analysis. The Board
of Immigration Appeals ("BIA"), however, recognizes that
some vacated convictions may not be used for immigration
purposes, and Phan argues that the D.C. Superior Court's
decision to set aside his conviction means that USCIS may
not consider it in this instance. We disagree.

## A.

In the context of removal proceedings, the BIA distin-
guishes between vacated convictions based on the reason for

the vacatur to determine whether the noncitizen has been "convicted" of a qualifying offense. Where a conviction is vacated "based on a defect in the underlying criminal proceedings," the conviction is "no longer." *In re Pickering*, 23 I. & N. Dec. 621, 624 (BIA 2003) (*rev'd on other grounds sub nom.*, *Pickering v. Gonzalez*, 465 F.3d 263 (6th Cir. 2006)). Where a conviction is "vacate[d] . . . for reasons unrelated to the merits of the underlying criminal proceedings," however, the conviction "remains" for immigration purposes. *Id. See Pickering*, 465 F.3d at 266 ("A conviction vacated for rehabilitative or immigration reasons remains valid for immigration purposes, while one vacated because of procedural or substantive infirmities does not.").

The BIA's distinction enjoys broad support among our sister circuits. *See Alim v. Gonzales*, 446 F.3d 1239, 1250 (11th Cir. 2006) ("join[ing] those circuits that have found the BIA's approach [distinguishing between the grounds for vacated convictions] to be reasonable and entitled to deference"); *Cruz v. Att'y Gen.*, 452 F.3d 240, 245 (3d Cir. 2006) ("[I]f a court vacates a conviction for reasons unrelated to the merits of the underlying criminal proceedings, such as for rehabilitation purposes or to avoid immigration hardships, the alien remains 'convicted' for immigration purposes"); *Cruz-Garza v. Ashcroft*, 396 F.3d 1125, 1128-29 (10th Cir. 2005) (adopting this "consensus view"); *Sandoval v. I.N.S.*, 240 F.3d 577, 582-83 (7th Cir. 2001) ("The BIA has held that state rehabilitative statutes . . . are of no effect in determining whether an alien is considered convicted for immigration purposes.") (internal quotation marks omitted). And we too have found this distinction persuasive. *See Parikh v. Gonzales*, 155 F. App'x 635, 638 (4th Cir. 2005) (unpublished) (per curiam) (joining our sister courts in finding the BIA's approach in *Pickering* reasonable and entitled to deference).

We recognize that this case is not before us on direct appeal from a BIA decision, nor could it be given that the BIA does not have jurisdiction to consider naturalization applications.

*In re Hidalgo*, 24 I. & N. Dec. 103, 105-06 (BIA 2007). Nevertheless, we think it equally appropriate for USCIS to consider the ground on which a noncitizen's conviction was set aside in determining fitness to be a citizen. In that regard, although the BIA's distinction between convictions has its genesis in removal proceedings, the burden on a person petitioning to become a naturalized citizen is at least as high as that imposed on a person seeking to avoid removal. It is for this reason that doubts regarding eligibility for citizenship are resolved in favor of the government and against the applicant. *See Berenyi v. District Director, I.N.S.*, 385 U.S. 630, 637 (1967) (emphasizing that the applicant "is the moving party, affirmatively asking the Government to endow him with all the advantages of citizenship").

## B.

Applying the relevant distinction here, we hold that the "set aside" of Phan's 2002 conviction has no implication for purposes of considering Phan's application for naturalization. In that regard, we note that the DCYRA offers certain "sentencing alternatives" for a "youth offender"—"a person less than 22 years old convicted of a crime other than" murder or terrorism offenses. D.C. Code §§ 24-903, 24-901(6). Specifically, "[i]f the court is of the opinion that the youth offender does not need commitment, it may suspend the imposition or execution of sentence" in lieu of probation. *Id.* § 24-903(a)(1). Before the probationary period is complete, the court may—in its discretion—unconditionally discharge a youth offender from probation. Such an unconditional discharge "automatically set[s] aside the conviction." *Id.* § 24-906(e). Additionally, if the sentence of a youth offender expires while the youth offender is on probation, the court "may, in its discretion, set aside the conviction." *Id.*

As the statute's name implies, a conviction is set aside under the DCYRA on rehabilitative grounds having nothing to do with the merits of the underlying criminal judgment.

This rehabilitative purpose was key to the finding in *United States v. McDonald*, 991 F.2d 866 (D.C. Cir. 1993), that a DCYRA "set aside" conviction could be counted for criminal history purposes under the U.S. Sentencing Guidelines. In *McDonald*, the court distinguished an expungement, which results from innocence or legal error, from a "set aside," which results from "social policy goal[s]." *Id.* at 871. DCYRA convictions are set aside "because the juvenile's post-offense conduct has persuaded the court to terminate his sentence," and thus "reflect[ ] the social objective of encouraging the rehabilitation of juvenile offenders." *Id.* at 872. Because that is precisely what occurred when the D.C. Superior Court acted in Phan's case, USCIS correctly considered Phan's conviction when assessing his fitness to be a citizen.

In arguing otherwise, Phan notes that the DCYRA contemplates specific future uses of "set aside" convictions. *See* D.C. Code § 24-906(f)(1)-(8) (providing that set aside convictions "may be used" for certain reasons, such as determining whether a person has committed a subsequent offense for enhanced sentencing purposes, impeachment or cross-examination, or sex-offender and gun-offender registration laws). Notable in its absence from this list, argues Phan, is any mention of immigration proceedings. However, that the DCYRA does not expressly authorize the use of set aside convictions in immigration proceedings is neither surprising nor dispositive. As noted by the government, "it makes sense" that the D.C. Council would not attempt to dictate immigration policy in drafting its youth offender law. Appellee's Br. 19 n.4.

Indeed, the Third Circuit rejected a similar argument in *Acosta v. Ashcroft*, 341 F.3d 218 (3d Cir. 2003). There, the noncitizen contended that his Pennsylvania conviction was not a "conviction" for immigration purposes because the state law specified that the offense would "not constitute a conviction for any purpose whatever." *Id.* at 223. The court disagreed, noting that the state legislature "obviously cannot

dictate how the term 'conviction' is to be construed under federal law" and thus the state statutory language "cannot on its own rescue [the noncitizen] from the definition of 'conviction' in INA § 101(a)(48)(A) [codified at 8 U.S.C. § 1101(a)(48)(A)]." *Id.*

We agree, and hold that because Phan's 2002 conviction was set aside on rehabilitative grounds, USCIS properly considered it when passing on Phan's application for naturalization.

## V.

In 2002, Phan was convicted by a jury in D.C. Superior Court of distribution of cocaine in a drug-free zone. Following the verdict, the court entered judgment and imposed a sentence. Although the D.C. Superior Court subsequently set aside Phan's conviction, it acted pursuant to the rehabilitative goals of the DCYRA, which do not control the use of Phan's conviction in the immigration context. As a result, Phan remains "convicted" of an aggravated felony under the INA, and thus, cannot satisfy the statutory requirements for citizenship.

The judgment of the district court is affirmed.

*AFFIRMED*