**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1147**

ELEUTERIO PAYAN JAQUEZ, a/k/a Eleuterio Payan,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: March 21, 2017                              Decided: June 8, 2017

Before GREGORY, Chief Judge, and WYNN and HARRIS, Circuit Judges.

Petition for review denied by published opinion. Chief Judge Gregory wrote the opinion, in which Judge Wynn and Judge Harris joined.

**ARGUED**: Alfred Lincoln Robertson, Jr., ROBERTSON LAW OFFICE, PLLC, Alexandria, Virginia, for Petitioner. Gregory Michael Kelch, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF**: Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Linda S. Wernery, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

GREGORY, Chief Judge:

Eleuterio Payan Jaquez, a citizen and native of Mexico, petitions for review of a Board of Immigration Appeals ("BIA") order affirming an Immigration Judge's ("IJ") decision finding him ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1)(C). Payan Jaquez contends that the BIA erred in determining that his 2005 criminal proceedings under Virginia Code § 18.2-251 for possession of cocaine constituted a "conviction" as defined in 8 U.S.C. § 1101(a)(48)(A). Because Payan Jaquez's 2005 proceedings fall squarely within the plain text of § 1101(a)(48)(A), we deny the petition for review.

## I.

On June 6, 1989, Payan Jaquez was lawfully admitted to the United States as a conditional permanent resident based on his marriage to a United States citizen, Carol Trevino. Conditional permanent residents must petition to remove the conditions on their residency within ninety days of the second anniversary of their lawful admission, but Payan Jaquez failed to do so and his legal status terminated in 1991. 8 U.S.C. § 1186a. He filed a petition in 2006, but it was denied.

Payan Jaquez separated from Ms. Trevino in 1989 and their divorce was finalized in 2004. He married another United States citizen, Sheila Johns, in 2005. They had two children together, born in 1993 and 1997, one of whom suffers from autism, ADHD, mental retardation, seizure disorder, and cerebral palsy. Payan Jaquez had a third United States citizen child with Elsa Monty Retina in 2009.

2

Payan Jaquez was charged with possession of cocaine in December 2004, in violation of Virginia Code § 18.2-250. On May 23, 2005, he pled guilty in Charlottesville Circuit Court to the possession charge. The judge found that Payan Jaquez made the plea freely, voluntarily, and intelligently. He accepted Payan Jaquez's guilty plea and continued the case for sentencing.

On November 3, 2005, the judge sentenced Payan Jaquez pursuant to Virginia Code § 18.2-251, which applies to first-time offenders. The judge vacated the finding of guilt and deferred adjudication, placing Payan Jaquez on probation for twelve months under conditions including good behavior, full-time employment, and abstention from alcohol and drugs. On December 18, 2007, upon Payan Jaquez's successful completion of the probationary period, the judge dismissed the cocaine charge pursuant to § 18.2-251.

The Department of Homeland Security ("DHS") issued a Notice to Appear to Payan Jaquez on June 6, 2008. The notice alleged that Payan Jaquez was removable because he failed to request removal of the conditional basis for his permanent residence by December 17, 1991 and due to his 2005 cocaine conviction. At a hearing before the IJ, Payan Jaquez admitted both grounds for removal.

In 2009, Payan Jaquez filed an application for cancellation of removal. In support of his application, he cited his continuous physical presence in the United States for more than ten years. He also indicated that his removal would result in extreme hardship for his United States citizen child who suffers from numerous medical conditions.

3

In 2014, DHS filed a motion to pretermit Payan Jaquez's cancellation of removal application. DHS argued that his cocaine conviction precluded him from relief because applicants are ineligible for cancellation if they have been convicted of certain offenses. Payan Jaquez opposed the motion on the grounds that he had not been "convicted," as the term is defined in § 1101(a)(48)(A), because he did not meet the requisite elements: a sufficient finding of guilt and imposition of some form of punishment.

The IJ issued a written opinion, finding that Payan Jaquez's conviction rendered him ineligible for cancellation of removal under § 1229b(b)(1)(C). The IJ concluded that Payan Jaquez's 2005 criminal proceedings qualified as a conviction in which adjudication was deferred because Payan Jaquez pled guilty and was placed on probation. The IJ found Payan Jaquez removable under 8 U.S.C. § 1227 and ineligible for cancellation of removal, but granted him the ability to voluntarily depart within sixty days.

Payan Jaquez appealed the decision to the BIA, and the BIA issued an opinion dismissing the appeal. The BIA agreed with the IJ that the conviction was valid for immigration purposes. Payan Jaquez pled guilty and the judge vacated the finding of guilt "pursuant to the state rehabilitative statute." J.A. 15. The BIA also found that "probation is a form of punishment, penalty, or restraint on an alien's liberty," as required by § 1101(a)(48)(A). *Id.* (citing *Matter of Punu*, 22 I. & N. Dec. 224, 228 (BIA 1998)). Thus, the BIA affirmed the IJ's decision, but remanded because the IJ failed to provide Payan Jaquez with certain advisals regarding voluntary departure as 8 C.F.R.

4

§ 1240.26(c)(3) commands. On remand, the IJ was to provide those advisals and enter a new voluntary departure order.

Payan Jaquez timely petitioned for review of the BIA's order to this Court.

## II.

We generally lack jurisdiction to review orders of removal when an alien is removable for a controlled substance conviction, 8 U.S.C. § 1252(a)(2)(C), but because this case involves a question of law, we retain jurisdiction to review the BIA's order.[1]  8 U.S.C. § 1252(a)(2)(D).  The "purely legal question" presented is whether Payan Jaquez's deferred adjudication under Virginia Code § 18.2-251 qualifies as a conviction for immigration purposes under § 1101(a)(48)(A). *Crespo v. Holder*, 631 F.3d 130, 133 (4th Cir. 2011).

This Court reviews this question of law de novo, *Castillo v. Holder*, 776 F.3d 262, 267 (4th Cir. 2015), subject to *Chevron* deference. *Crespo*, 631 F.3d at 133 (citing

---

[1] This case is distinct from *Qingyun Li v. Holder* in which we declined to take jurisdiction for "prudential reasons."  666 F.3d 147, 151-53 (4th Cir. 2011).  In *Li*, as in this case, the BIA upheld the IJ's decision but remanded for "required advisals" and a new voluntary departure order. *Id.* at 148-49.  However, when we decided *Li*, the IJ had not yet granted a new voluntary departure order, allowing Li to petition for review of her removal order and return to the IJ for voluntary departure if she did not succeed. *Id.* at 152.  This would have been contrary to *Dada v. Mukasey*, 554 U.S. 1, 21 (2008), and 8 C.F.R. § 1240.26, which hold that an alien must choose between a judicial challenge and voluntary departure. *Id.*  In this case, the IJ granted Payan Jaquez a new voluntary departure order on May 5, 2016.  Since he did not depart by June 5, 2016 as the order mandated, Payan Jaquez chose to pursue judicial relief rather than voluntary departure. *See Almutairi v. Holder*, 722 F.3d 996, 1000-02 (7th Cir. 2013) (taking jurisdiction because the alien's window to voluntarily depart under a new order had expired and thus his "only remaining avenue for relief" was his petition for review).

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). Thus, the statutory language controls if Congress has spoken clearly on the question, but if the statute is silent or ambiguous, this Court will defer to the BIA's reasonable interpretation. *Crespo*, 631 F.3d at 133 (citing *Ramirez v. Holder*, 609 F.3d 331, 334 (4th Cir. 2010)).

## A.

The Attorney General may cancel removal and grant permanent resident status to an alien if he or she (i) has been present in the United States continuously for ten years; (ii) has been a person of good moral character; (iii) has not been convicted of offenses under certain statutes, including 8 U.S.C. § 1227(a)(2); and (iv) shows that removal would result in exceptional hardship to a U.S. citizen or lawful permanent resident spouse, parent, or child. 8 U.S.C. § 1229b(b)(1).

This case concerns the third requirement for cancellation of removal eligibility. An alien is removable, and ineligible for cancellation, if he or she has been convicted of violating a state or federal law or regulation relating to a controlled substance.[2] 8 U.S.C. § 1227(a)(2)(B)(i). The term "conviction" as used in this provision is defined as:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—
>
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

---

[2] Payan Jaquez does not contest that cocaine possession is a violation relating to a controlled substance.

8 U.S.C. § 1101(a)(48)(A). Thus, there are two possible ways to find a conviction: where there has been a formal judgment of guilt, and where adjudication has been deferred. *Crespo*, 631 F.3d at 134.

Payan Jaquez's case involves the second avenue, a deferred adjudication under Virginia law. A conviction in a deferred adjudication situation requires two elements: "(i) [a] sufficient finding of support for a conclusion of guilt, and (ii) the imposition of some form of punishment." *Crespo*, 631 F.3d at 134 (alteration in the original) (quoting *Griffiths v. I.N.S.*, 243 F.3d 45, 53 (1st Cir. 2001)). The first element can be found in five different circumstances: "a finding of guilt by a judge or jury (i.e., a trial), a plea of guilt, a plea of no contest, or an admission *by the alien* of facts sufficient to find guilt." *Crespo*, 631 F.3d at 134 (citing 8 U.S.C. § 1101(a)(48)(A)(i)).

B.

Payan Jaquez's 2005 criminal proceedings fall squarely within the definition of a deferred adjudication conviction under § 1101(a)(48)(A)(i). The proceedings meet the first element, a sufficient finding of guilt, because Payan Jaquez "entered a plea of guilty" to possession of cocaine in Charlottesville Circuit Court. 8 U.S.C. § 1101(a)(48)(A)(i). A guilty plea is one of the five possible ways to satisfy the first element. *Crespo*, 631 F.3d at 134. In this case, Payan Jaquez pled guilty, and the judge accepted his plea, finding it "freely, voluntarily, and intelligently made." J.A. 164. Thus, according to the plain language of the statute, Payan Jaquez's adjudication satisfies the first prong of the conviction test for a deferred adjudication.

7

Payan Jaquez's proceedings also satisfy the second prong of the test, which requires "some form of punishment, penalty, or restraint on the alien's liberty." 8 U.S.C. § 1101(a)(48)(A)(ii). Probation is "most certainly a form of punishment or penalty and a restraint on one's liberty." *Dung Phan v. Holder*, 667 F.3d 448, 452 (4th Cir. 2012). The Charlottesville judge placed Payan Jaquez on probation for one year and mandated numerous conditions, including good behavior, full-time employment, and abstention from alcohol and drugs. These probationary conditions constitute a form of punishment, penalty, or restraint on Payan Jaquez's liberty, and therefore meet the second element of a conviction. *Id.*

The unambiguous language of the statute regarding a conviction in a deferred adjudication situation encompasses Payan Jaquez's proceedings. According to the clear text, the BIA did not err in finding that Payan Jaquez was convicted, and our inquiry is complete. *See Rubin v. United States*, 449 U.S. 424, 430 (1981) (observing that when the words of a statute are unambiguous, judicial inquiry ends).

Nevertheless, Payan Jaquez makes two arguments as to why he was not convicted. First, Payan Jaquez attempts to impose a temporal requirement upon the two conviction elements, arguing that although he pled guilty on May 23, 2005, the judge did not sentence him to probation until November 3, 2005. But while the language of § 1101(a)(48)(A) requires both a sufficient finding of guilt and some form of punishment, it does not require that the two elements be entered or imposed simultaneously. The use of "and" in the statute indicates that the elements are conjunctive, *e.g.*, *Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008), but nothing in the text even

8

suggests that a finding of guilt and a punishment be entered at the same hearing on the same day. We have previously declined to look past the unambiguous language of this particular statute, and we do the same here. *Crespo*, 631 F.3d at 136 (refusing to essentially amend the statute as the government requested).

Not only does the statutory text lack evidence that Congress meant for the elements to be met simultaneously, but the legislative history indicates that such a temporal requirement would be directly contrary to Congressional intent. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) (stating that a court may look past statutory language only if there is a "clearly expressed legislative intention" contrary to the language). When Congress amended § 1101(a)(48)(A) so that a "conviction" would include either a formal judgment of guilt or certain circumstances in which adjudication is withheld, it intended to address the "myriad of provisions for ameliorating the effects of a conviction" in state laws. H.R. Rep. No. 104-828, at 223-24 (1996) (Conf. Rep.). As a result of these laws, "aliens who have clearly been guilty of criminal behavior and whom Congress intended to be considered 'convicted' have escaped the immigration consequences normally attendant upon a conviction." *Id.* at 224. Adding Payan Jaquez's proposed temporal requirement, with the result that a deferred adjudication under Virginia law would not qualify as a conviction under § 1101(a)(48)(A), would be contrary to Congress' intent to promote uniformity, because it would make the statute "dependent on the vagaries of State law." *Crespo*, 631 F.3d at 135-36 (quoting *Matter of Punu*, 22 I. & N. Dec. at 229).

9

Payan Jaquez also suggests that his guilty plea was "vacated" and therefore "void," Pet'r's Br. 10, by the time he was sentenced to probation on November 3, 2005, so that there was no effective finding of guilt when he was punished. We need not consider in this case whether the statutory definition of "conviction" could be satisfied under such circumstances, because Payan Jacquez's plea was not actually vacated; only the finding of guilt was vacated. As a prerequisite to first offender status under Virginia law, the defendant must enter a plea,[3] and the court must find facts that would justify a finding of guilt. Va. Code § 18.2-251. The Charlottesville judge relied upon Payan Jaquez's guilty plea to invoke Virginia's first offender statute, defer adjudication, and place Payan Jaquez on probation. Therefore, as required by § 18.2-251, the guilty plea, which satisfies the first element of a conviction, remained in effect when the judge ordered probation, satisfying the second element.

Payan Jaquez's second argument is that his case is "exactly like *Crespo*," in which this Court held that a trial court's finding of sufficient evidence to justify guilt did not meet the definition of a conviction. Pet'r Br. 9. That argument, too, is unsuccessful, because the two cases are decidedly distinct. In *Crespo*, we considered the same question presented here: whether a deferred adjudication under Virginia Code § 18.2-251 constitutes a "conviction" for immigration purposes. 631 F.3d at 133-34. We found that the deferred adjudication in that case did not meet the definition of a conviction under § 1101(a)(48)(A) because Crespo pled not guilty to marijuana possession. *Id.* at 134,

---

[3] That plea may be guilty, as in this case, or not guilty, as in *Crespo*. Va. Code § 18.2-251.

136. Instead, the judge found facts justifying a finding of guilt in order to defer Crespo's adjudication under § 18.2-251, which is not one of the five possibilities for a sufficient finding of guilt.[4] *Id.* at 134-35.

Unlike Crespo, Payan Jaquez did plead guilty to cocaine possession before the judge invoked § 18.2-251. We indicated in dicta that if Crespo had instead pled guilty before having his sentence deferred, "the adjudication would qualify as a conviction under § 1101(a)(48)(A)," rendering him ineligible for immigration relief. *Id.* at 135. The scenario envisioned in *Crespo* is exactly what happened in Payan Jaquez's case. His criminal proceedings, which included a guilty plea and probation, fall squarely within § 1101(a)(48)(A), rendering him ineligible for cancellation of removal. *Id.* at 135.

We recognize that *Crespo* and this case reflect a disparity between defendants who plead guilty under the Virginia first offender statute and those who plead not guilty, but the text of § 1101(a)(48)(A) is clear. Congress drew a line encompassing five situations that constitute a sufficient finding of guilt, and Payan Jaquez's guilty plea is one of those situations. *Id.* at 135.

Payan Jaquez's deferred adjudication under Virginia Code § 18.2-251 falls within the unambiguous definition of a conviction in § 1101(a)(48)(A). Payan Jaquez pled guilty to possession of cocaine in Charlottesville Circuit Court and the judge placed him on probation. Thus, both statutory elements of a conviction were satisfied in his case.

---

[4] A sufficient finding of guilt requires the *alien* to admit facts sufficient to find guilt, rather than the *judge* finding sufficient facts. *Crespo*, 631 F.3d at 134 (citing 8 U.S.C. § 1101(a)(48)(A)(i)).

III.

The BIA did not err in upholding the IJ's decision finding Payan Jaquez ineligible for cancellation of removal, and Payan Jaquez's petition for review is denied.

*PETITION FOR REVIEW DENIED*